■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY MURPHY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County (Owens, J.), rendered May 14, 1982, convicting him of robbery in the first degree (three counts) and robbery in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Broomer, J.), of that branch of defendant's pretrial motion which sought suppression of certain identification testimony.

Judgment affirmed.

At the commencement of the jury voir dire, defendant was given a new attorney from the Legal Aid Society. His attorney requested an adjournment of one week, during which time he expected to develop a rapport with defendant, examine possible alibi witnesses and otherwise prepare for the trial. The court denied the motion, stating that it did not want any further delay in light of the fact that there was going to be an extended four-day holiday weekend following court business that day. The court wanted to conduct the jury voir dire and informed defendant's counsel that he would receive adequate time to review prior transcripts and videotapes relevant to the case. On that day, the jury voir dire did not proceed past the court's preliminary questioning before the case was adjourned for four days. Nevertheless, defendant now claims that he did not receive a fair trial because his attorney did not have adequate time to prepare his case.

This argument is without merit. Defendant's attorney had four days to prepare for the trial and defendant has offered absolutely no evidence as to how he was prejudiced by the

court's denial of his attorney's motion. Since it has not been shown that the trial court acted arbitrarily, thereby substantially impairing defendant's ability to defend himself, it cannot be said that the court abused its discretion *(see, Avery v Alabama,* 308 US 444; *United States v Ellenbogen,* 365 F2d 982, *cert denied* 386 US 923).

We have considered defendant's other claims and find them to be lacking in merit. Bracken, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.