■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK CARLSON, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Westchester County (Rosato, J.), rendered November 20, 1985, convicting him of robbery in the second degree (two counts), burglary in the second degree, and unlawful imprisonment in the second degree (two counts), upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court (Nicolai, J.), entered January 8, 1990, which denied, without a

hearing, his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

It was not an improvident exercise of discretion to deny the defendant's motion for a severance of the counts that had been joined in one indictment pursuant to CPL 200.20 (2) (b). The defendant's modus operandi of gaining entry into the homes of his victims by impersonating a flower deliveryman was sufficiently unique so that evidence of each crime would have been admissible upon a trial of the others, as probative on the issue of his identity *(see, People v Allweiss,* 48 NY2d 40; *People v Molineux,* 168 NY 264).

The defendant contends that he was denied his right to the effective assistance of counsel because his trial attorney had a conflict of interest arising out of the representation of two prosecution witnesses. We disagree. Trial counsel had represented one of the prosecution witnesses with respect to a personal injury matter and had represented the other witness's family in unrelated civil matters. He had ceased representing these individuals before the trial of the accused. There is no basis for speculating that the mere possibility that counsel would have been given some additional work from the prosecution witnesses would have impaired his undivided loyalty to the defendant. Although the court should have conducted an inquiry of the defendant on the record to determine if he was aware of the potential risks of continued representation by this attorney and had knowingly chosen the attorney's continued representation, the failure to do so does not require reversal of the conviction *(see, People v Lombardo,* 61 NY2d 97), since the defendant failed to establish that there was a significant possibility that a conflict of interest existed and that it affected the manner in which his defense was conducted *(see, People v Alicea,* 61 NY2d 23).

We find the defendant's remaining contentions, including those raised in his supplemental *pro se* briefs, to be either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.