■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELKANOH KRAUSZ, Appellant. [604 NYS2d 225] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered November 5, 1992, convicting him of sexual abuse in the first degree and sexual abuse in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for further proceedings pursuant to CPL 460.50 (5).

In the present case, defense counsel made the trial court aware of the fact that, during his representation of the defendant, he was also representing the father of one of the victims in an unrelated matter. On appeal, the defendant contends that this joint representation created a conflict of interest which affected his defense and, further, that the trial court should have conducted an inquiry pursuant to *People v Gomberg* (38 NY2d 307).

We agree with the defendant's contention that, under the circumstances of this case, the trial court should have conducted an inquiry of the defendant on the record to insure that his continued representation by his attorney was informed *(see, People v Lombardo,* 61 NY2d 97, 102; *People v*

*Gomberg, supra,* at 313). However, the court's failure to do so does not require reversal of the defendant's conviction. The record does not establish that a conflict of interest, or at least the significant possibility of a conflict of interest, existed and that any such conflict affected the manner in which the defense was conducted *(see, People v Alicea,* 61 NY2d 23; *People v Carlson,* 180 AD2d 743, 744).

Contrary to the defendant's contention, the forcible compulsion element of the crime of sexual abuse in the first degree is not unconstitutionally vague *(see, People v Beam,* 57 NY2d 241, 250).

We have considered the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Lawrence and Pizzuto, JJ., concur.