■ In the Matter of Karrie B. and Others, Children Alleged to be Abused and Neglected. Paul H., Appellant; Jefferson County Department of Social Services, Respondent. (Appeal No. 1.) [617 NYS2d 663] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from an order of disposition adjudging Karrie B. to be an abused child and, by reason of that abuse, adjudging Daniel B. and Tina B. to be neglected children. There is no merit to respondent's contention that, because the testimony of Karrie B. was not corroborated, proof of sexual abuse was legally insufficient. The statutory requirement of corroboration applies only to out-of-court hearsay statements of the child (see, Family Ct Act § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112, 117-118). Karrie B.'s testimony therefore does not require corroboration. Karrie B.'s testimony was not incredible as a matter of law, and we find no basis in the record to disturb the trial court's resolution of credibility. " 'The greatest deference should be given to the decision of the hearing Judge who is in the best position to assess the credibility of the witnesses and the evidence proffered' " (Matter of Niagara County Dept. of Social Servs. (Kimmie W.) v Randy M., 206 AD2d 878,

quoting *Matter of McCarthy v Braiman,* 125 AD2d 572). (Appeal from Order of Jefferson County Family Court, Hunt, J.— Child Abuse and Neglect.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.