■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON ALLEN, Appellant. [629 NYS2d 62] —Appeal by the defen-

dant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered December 23, 1993, convicting him of grand larceny in the first degree, criminal possession of a forged instrument in the second degree (two counts), and falsifying business records, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

The defendant contends that an inculpatory statement that he made to his friend and former attorney was improperly admitted into evidence, over his objection. The defendant contends that the statement is subject to the attorney-client privilege. However, the record does not support the defendant's contention. The record reveals that statement was made in response to an inquiry by the defendant's former attorney, who was seeking an explanation of how his forged signature and the mark of his notary stamp were placed on the defendant's purported mortgage satisfaction. Thus, it defies reason to contend, as the defendant does, that the defendant spoke to his former attorney for the purpose of obtaining legal advice (see, Doe v Poe, 189 AD2d 132, 135). Given the content of the conversation in question, it is clear that the defendant's inculpatory statement was not made in the context of an attorney-client relationship (see, Matter of Priest v Hennessy, 51 NY2d 62, 68-69). Therefore, the privilege did not attach to it.

During the trial, defense counsel informed the court that he had a professional and social relationship with one of the People's witnesses. Although the court should have conducted an inquiry, on the record, to determine if the defendant was aware of the potential risks of continued representation by his attorney and if he had knowingly chosen such continued representation, the failure to have done so does not automatically require reversal of the defendant's conviction (see, People v Lombardo, 61 NY2d 97, 103). The defendant has failed to establish that there was a significant possibility that a conflict of interest existed and that it affected the manner in which his defense was conducted (see, People v Alicea, 61 NY2d 23, 30, 31; People v Carlson, 180 AD2d 743). A review of defense counsel's cross-examination of the witness in question fully supports this conclusion (see, People v Lombardo, supra).

We have examined the defendant's remaining contentions, including that his sentence is excessive, and find them to be without merit. Sullivan, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.