■ In the Matter of KARL L. and Another, Children Alleged to be Neglected. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GAYLE L., Appellant. [637 NYS2d 814] —Peters, J. Appeal from an order of the Family Court of Madison County (Humphreys, J.), entered January 27, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be neglected, and placed them in the custody of their father.

Pursuant to the petition, it was alleged that respondent neglected her son, Karl (born in 1983), and daughter, Alysha (born in 1987), because she "drank to excess frequently during the period of time [that] the children lived with her, causing [them] to go to their bedrooms to hide from her". It further alleged that on November 14, 1994, while the children were at school, respondent became intoxicated and began to physically destroy the house by turning over the couch and "smashing dishes all around the house". When the children came home from school, they were cut by the broken glass when they attempted to locate their mother. The petition concluded that "[b]oth children are worried about respondent, and afraid of her when she drinks. Said children feel safe at their father's home".

At the appearance scheduled on November 29, 1994, Family Court adjourned the matter to December 22, 1994 for the receipt of the Law Guardian's interim report. It granted a temporary order of supervised visitation to respondent and scheduled the fact-finding hearing for January 13, 1995.

On December 22, 1994, respondent, appearing with counsel, informed Family Court that she sought to make an admission to the petition. The court advised respondent of her rights, detailed the ramifications of such admission, and inquired whether she had sufficient time to consult with counsel. Satisfied with her response, the court proceeded to permit her to

make her admission. Respondent, however, refused to admit that she drank to excess while the children were living with her. Lacking a factual basis, the court rejected her admission and adjourned the matter for the scheduled fact-finding hearing. Following the fact-finding hearing, Family Court found that, over the last three years, respondent failed to exercise a minimum degree of care over her children in that she consistently drank to excess in their presence, causing them to be afraid. A finding of neglect was made against respondent and custody of the children was transferred to their father.

On appeal, respondent contends that she was denied the effective assistance of counsel since she was not given adequate time to speak with counsel and prepare a defense. Acknowledging the statutory right to the assistance of counsel in a neglect proceeding (*see,* Family Ct Act § 262 [a] [i]), we find that meaningful representation was provided (*see, Matter of De Vivo v Burrell,* 101 AD2d 607).

As reflected in the record of respondent's December court appearance, she affirmatively represented that she had ample time to confer with counsel and had never requested an adjournment of the date set for the fact-finding hearing. The record of the fact-finding hearing further indicates that counsel for respondent affirmed that they were ready to proceed. Thus, contrary to respondent's contention, we find the three weeks between the rejection of her admission and the date set for fact-finding ample time to prepare a defense (*see, People v Danaher,* 115 AD2d 905; *People v Murphy,* 114 AD2d 523).

We further find no merit to respondent's contention that Karl's in-court testimony was not sufficiently corroborated. Contrary to respondent's contention, Karl's in-court testimony did not need to be corroborated (*see, Matter of Karrie B.,* 207 AD2d 1002, *lv denied* 84 NY2d 812). Rather, it is the child's out-of-court statements which must be corroborated if they are to be used to support a finding of abuse or neglect (*see,* Family Ct Act § 1046 [a] [vi]; *see also, Matter of Nicole V.,* 71 NY2d 112, 118; *Matter of Jessica Y.,* 206 AD2d 598, 599; *Matter of Alena D.,* 125 AD2d 753, 754, *lv denied* 69 NY2d 605). Respondent admitted to the caseworker that she has a drinking problem and knew that the children were frightened on the day that she destroyed the house (*see, Matter of Margaret W.,* 83 AD2d 557, *lv denied* 54 NY2d 609). The father further testified that he saw the house on such day and that the children appeared afraid. Similarly, Karl testified regarding the frequency of respondent's drinking, how it made him feel, and

the effect that it had upon his sister* (*see, Matter of Christina F.*, 74 NY2d 532; *Matter of Nassau County Dept. of Social Servs. [Erika K.] v Steven K.*, 176 AD2d 326). Accordingly, we find that Family Court did not abuse its discretion in finding sufficient corroboration (*see, Matter of Nicole V., supra*).

As to respondent's attempt to vacate the order issued on the basis of new evidence, we note that such presentment must be made by motion to Family Court (*see,* Family Ct Act § 1061), and may not be raised for the first time on appeal (*see, Matter of Chendo O.*, 193 AD2d 1083, 1085).

We accordingly affirm the order of Family Court in its entirety.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Even noting the factual disparity between the caseworker's testimony regarding statements made by Karl and Karl's in-court testimony, we find Karl's testimony not incredible as a matter of law (*see, Matter of Karrie B.*, 207 AD2d 1002, *supra*).