■ In the Matter of DONNA EE. and Another, Children Alleged to be Abused and Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TIMOTHY FF., Appellant. [644 NYS2d 838] —Mikoll, J. P.

Respondent and Jeannie EE. resided together for four years and are the parents of one daughter (born in 1990). Jeannie EE. is also the parent of a second daughter (born in 1988) whose father is not a party hereto. In February 1994, respondent was the subject of a criminal indictment charging him with sodomy in the first degree based on allegations that he had subjected Donna EE. to sexual abuse. Respondent was also named in this Family Court proceeding to adjudicate both girls as abused and neglected children.

Based on the advice of counsel, respondent did not testify at the hearing before Family Court, reasoning that any testimony given by respondent in the Family Court proceeding could be used against him in the pending criminal action. Following the hearing held before Family Court in August 1994, it was determined, inter alia, that respondent had subjected Donna EE. to sexual abuse and that both children had been abused and neglected by respondent. They were accordingly adjudicated abused and neglected children. Respondent was subsequently acquitted of the charge of sodomy in the first degree pursuant to a verdict rendered in County Court.

Respondent appeals from Family Court's order on the ground that he did not receive effective assistance of counsel. Respondent argues that the adjudication of abuse and neglect would not have been rendered if he had testified before Family Court. According to respondent, his counsel should have moved for an adjournment of the Family Court proceeding so that it could have been held after the trial in County Court, enabling respondent to testify freely before Family Court. We disagree.

Respondent's attorney, who represented respondent before both courts, was pursuing a valid strategy when he decided to try the Family Court case first. Respondent was subject to a prison sentence of $8^1/_3$ to 25 years if convicted of the crime of sodomy in the first degree. Hence, it was advantageous to conduct the Family Court proceeding, where less was at stake, first. Counsel's participation at the Family Court hearing gave him the opportunity to prepare respondent's defense at the criminal trial by previewing the testimony of the People's witnesses, including the child's mother and her examining physician, enabling counsel to anticipate their testimony at the criminal trial and to prepare his case in rebuttal.

Our review of the record discloses that respondent's counsel acquitted himself ably and knowledgeably before both Family Court and County Court. Respondent's assertion of ineffective assistance of counsel is accordingly rejected (*see*, *Matter of Duane NN.*, 214 AD2d 783, 784; *Matter of Geraldine Rose W.*, 196 AD2d 313, 318-319, *lv dismissed* 84 NY2d 967).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.