◼ In the Matter of EVANGELINE X., and Another, Children Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROSELIE Z., Appellant. [681 NYS2d 146] —White, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered January 20, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be neglected.

Following a fact-finding hearing, Family Court determined that respondent had neglected her two children by reason of her abuse of alcohol and by engaging in acts of domestic violence in their presence (*see*, Family Ct Act § 1012 [f] [i] [B]).

---

We reject the procedural arguments respondent has arrayed against this determination and, accordingly, affirm.

At the hearing the aunt of respondent's eight-year-old son testified that he would call her to ask her to come get him because his mother and father were drunk and were fighting. While respondent concedes that this hearsay testimony was admissible under Family Court Act § 1046 (a) (vi), she nevertheless maintains that it should have been excluded because the child was not competent to offer any opinion regarding his parents' intoxication. However, whether the child was competent to offer an opinion does not affect the statement's admissibility; rather, it is an argument that goes to the weight of the evidence which is an issue for the trier of fact (*see, Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.*, 46 NY2d 528, 534). Moreover, respondent was not prejudiced by the admission of the child's statement since Family Court did not rely upon it to support its determination, as there was ample proof of respondent's intoxication from the testimony of the aunt and a caseworker.

Respondent's claim that petitioner's attorney violated the unsworn witness rule during her opening statement has not been preserved for our review (*see, Matter of Ian DD.*, 252 AD2d 669). In any event, the claim lacks substance since counsel in her opening statement did not offer any opinions nor introduce extraneous matters that might have substantially influenced or been determinative of the outcome of this matter (*see, Steidel v County of Nassau*, 182 AD2d 809, 814; *see also,* Prince, Richardson on Evidence § 7-204, at 454 [Farrell 11th ed]).

Crew III, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.