■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WENDLEY, Also Known as ROBERT HAMILTON, Appellant. [688 NYS2d 29] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered October 10, 1995, convicting defendant, after a jury trial, of burglary in the third degree, possession of burglar's tools, and petit larceny, and sentencing him, as a second felony offender, to concurrent terms of 2½ to 5 years, 1 year, and 1 year, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence established that minutes after a silent burglar alarm alerted police to a forced entry into previously secured premises after business hours, the police arrived and discovered an office with a broken door lock and frame, a bag containing tools commonly used to accomplish forced entry, and a bag of property that had been removed from the burglarized office. When that evidence is considered with testimony that defendant was found, crouching and alone, in a dark corridor after the police followed the sound of footsteps ascending the stairway leading away from the office premises, defendant's guilt of the crimes charged was proven beyond a reasonable doubt. Credibility issues were properly presented to the jury and we see no reason to disturb its determinations.

The court appropriately exercised its discretion in denying defendant's application, made just prior to the commencement of jury selection, for a two-week adjournment so that he could have more time to discuss the case with the experienced trial attorney who was assigned one week earlier and who had engaged in multiple conferences with defendant prior to trial. There is nothing in the record to support defendant's claims that the court's denial of the application was arbitrary and that it impaired defendant's ability to present a defense (see, People v Murphy, 114 AD2d 523).

Defendant's claim that his subsequent insistence upon availing himself of his right to represent himself did not constitute a knowing, intelligent and voluntary waiver of his right to counsel is belied by the record. Since defendant insisted upon proceeding pro se after sufficiently demonstrating his understanding of the trial process, and despite the court's advice regarding the risks of proceeding pro se and the benefits of representation by the experienced and competent trial counsel assigned (see, People v Smith, 92 NY2d 516, 520), he may not properly claim that he was denied effective assistance of counsel (see, People v Woolnough, 180 AD2d 837).

We have considered and rejected defendant's remaining

claims. Concur—Rosenberger, J. P., Nardelli, Williams and Andrias, JJ.