■ In the Matter of ANDREW MM. and Others, Children Alleged to be Neglected. ALBANY COUNTY DEPARTMENT OF SOCIAL

---

Services, Respondent; Brett NN., Appellant. [719 NYS2d 317] —Lahtinen, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered July 14, 1998, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate the children for which respondent was legally responsible to be neglected.

Respondent resided with his paramour and her three children, then ages 10, nine, and five, from August 10, 1996 to September 8, 1997. As a result of an incident occurring on August 11, 1997, petitioner filed a Family Court Act article 10 petition charging that respondent, a person alleged to be legally responsible for the care of the children (*see*, Family Ct Act § 1012 [g]), engaged in verbal and physical altercations with the children and used excessive corporal punishment, threatened the children with harm, and used obscene language toward them which inflicted harm or a substantial risk of harm. An amended petition filed shortly thereafter additionally alleged alcohol abuse by respondent affecting his ability to care for the children and an incident of domestic violence and physical abuse of one of the children on September 8, 1997.

At the conclusion of the fact-finding hearing, Family Court determined that respondent had neglected the children, finding that "the proof establishes that the children's emotional and physical conditions are in imminent danger of impairment as a result of respondent's failure to curb his drinking and his violence against their mother and themselves." After a dispositional hearing, Family Court entered an order of protection against respondent prohibiting him from having any contact with the children until he completed counseling and detoxification programs and then only when deemed appropriate by his and the children's therapists, effective until each child reaches the age of 18. Respondent now appeals, alleging that he was denied his constitutional right to a fair trial, that the finding of neglect was not supported by the evidence, that the dispositional order was inappropriate and that he did not receive effective assistance of counsel.

Respondent initially claims that he was denied a fair trial, citing alleged errors at the dispositional hearing, none of which we find meritorious. While a portion of the first day of the dispositional hearing was held in respondent's absence, he was present for the balance of that hearing and did not move before Family Court to vacate the disposition or for a rehearing (*see*, Family Ct Act § 1042). Additionally, we note that respondent failed to set forth a reasonable excuse for his absence (*see*, *Matter of Shaune TT.*, 251 AD2d 758), that the children were

represented at the dispositional hearing by a Law Guardian as required by Family Court Act § 1042, that respondent's counsel was present at the hearing and objected to the hearing going forward in respondent's absence, and that his counsel fully participated in the dispositional hearing despite his absence (vitiating his claim that the hearing held in his absence deprived him of his right to counsel), resulting in a " 'full and orderly exploration of the evidence and facts surrounding the alleged [neglect]' " (*Matter of Cassandra M.*, 260 AD2d 961, 963, quoting Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1042, at 119) and no prejudice to respondent despite his absence. Finally, we perceive no error in Family Court's decision to permit the competent and relevant testimony of prior and current counseling providers at the dispositional hearing.

We turn next to respondent's claim that the evidence did not support a finding of neglect against him. Family Court Act § 1012 (f) (i) provides, in pertinent part, that a neglected child is one

"whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of * * * [a] person legally responsible for his care to exercise a minimum degree of care * * *

"in providing the child with proper supervision or guardianship, [or] by unreasonably inflicting * * * harm, or a substantial risk thereof, including the infliction of excessive corporal punishment * * * or by misusing alcoholic beverages to the extent that he loses self-control of his actions."

A finding of neglect under this statute requires a showing of misconduct and harm or potential harm to a child (*see, Matter of Ronnie XX.*, 273 AD2d 491, 493) by a preponderance of the credible evidence (Family Ct Act § 1046 [b] [i]; *Matter of Nicole V.*, 71 NY2d 112, 117).

Petitioner established through the testimony of respondent's paramour (later confirmed by the testimony of respondent) that respondent resided with his paramour or was a person legally responsible for the children on the dates of the incidents giving rise to the petition. The testimony of petitioner's caseworker and various treatment providers provided ample proof of respondent's excessive drinking and the anxiety exhibited by all three children when he was drinking (*see, Matter of Karl L.*, 224 AD2d 841). Petitioner also established that the children were subjected to physical harm and instances of domestic violence (*see, Matter of Catherine P.*, 269 AD2d 702, 703, *lv denied* 95 NY2d 751; *Matter of Tami G.*, 209 AD2d 869,

*lv denied* 85 NY2d 804), the record revealing that on August 11, 1997 and September 8, 1997 respondent kicked the oldest of the children and bruised him (respondent admitted that he put his foot on the child and "shoved" the child on each occasion), that respondent encouraged his paramour to beat the children until they blister, often stating this in front of the children, and that respondent and his paramour had physical altercations in front of the children. We note that the last incident of domestic violence occurred on September 8, 1997 and resulted in respondent's arrest for throwing rocks at his paramour's residence while she and the children were inside the residence. This combination of respondent's excessive use of alcohol and domestic violence is sufficient to support a neglect finding (*see, Matter of Evangeline X.*, 256 AD2d 683), and we accord Family Court's determination in that regard great weight and deference (*see, Matter of Emily PP.*, 274 AD2d 681).

Respondent next argues that the dispositional order was inappropriate because the order of protection issued by Family Court, which did not permit respondent any contact with the children, was unreasonably restrictive. An order of protection is an authorized portion of a disposition in a Family Court Act article 10 proceeding (*see,* Family Ct Act § 1056 [4]). The record of both hearings reveals the negative effect that respondent's presence has on the emotional well-being of the children and provides ample support for Family Court's decision not to permit respondent contact with the children for an extended period and only upon completion of various forms of counseling and with the consent of the counselors treating both respondent and his victims (*see, Matter of Shaun X.*, 228 AD2d 730).

Finally, we find no merit to respondent's claim that he was denied effective assistance of counsel. While we acknowledge that the right to counsel in a child protective proceeding is equivalent to the effectiveness required of counsel in criminal proceedings (*see, Matter of Ashley M.*, 235 AD2d 858, 859), viewing the totality of the circumstances of this case as reflected in the record reveals that respondent was provided with meaningful and constitutionally competent legal representation (*see, People v Ford*, 86 NY2d 397, 404; *Matter of Sara KK.*, 226 AD2d 766, 767, *lv denied* 88 NY2d 808) by counsel who acquitted herself "ably and knowledgeably" (*Matter of Donna EE.*, 228 AD2d 977, 978). Accordingly, we reject respondent's ineffective assistance of counsel claim.

Crew III, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.