■ In the Matter of CHRISTINE RICE, Respondent, v STEPHEN RICE, Appellant. [720 NYS2d 845] —In a family offense proceeding pursuant to Family Court Act article 8, Stephen Rice appeals from an order of the Family Court, Suffolk County (Freundlich, J.), dated March 10, 1998, which granted the petition for an order of protection, *inter alia,* prohibiting him from contacting his children until each child's eighteenth birthday.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof prohibiting the appellant from contacting his children until each child's eighteenth birthday, and substituting therefor a provision that, upon a finding of aggravating circumstances, the order of protection shall expire on March 10, 2001; as so modified, the order is affirmed, without costs or disbursements.

The appellant's contention that he was deprived of a fair hearing because his counsel did not have adequate time to prepare is without merit. His counsel had a week to prepare for the hearing, and the appellant has offered no evidence to support his claim that he was prejudiced by the denial of his counsel's request for an adjournment. The appellant did not show that the Family Court acted arbitrarily, thereby substantially impairing his ability to defend himself. The Family Court providently exercised its discretion in denying his application for an adjournment (*see, People v Murphy,* 114 AD2d 523; *People v Wendley,* 260 AD2d 185).

Family Court Act § 842 provides that an order of protection may not be in force for a period in excess of one year absent the existence of aggravating circumstances, in which case the order may not be in force for a period in excess of three years. Here, the order of protection provided, without setting forth any aggravating circumstances (*see,* Family Ct Act § 842), that the appellant could not contact his children until each child's eighteenth birthday. The appellant's conduct exposed his daughter Heather to physical injury and created an immediate and ongoing danger to the petitioner and the parties' other children (*see,* Family Ct Act § 827 [a] [vii]), supporting a finding of the existence of aggravating circumstances. Accordingly, pursuant to Family Court Act § 842 the order of protection is modified to provide that, upon a finding of aggravating circumstances, it shall expire on March 10, 2001 (*see,* Family Ct Act §§ 842, 827 [a] [vii]; *Matter of Muller v Muller,* 221 AD2d 635; *cf., Matter of Walsh v Walsh,* 251 AD2d 338; *Matter of Zirkind v Zirkind,* 218 AD2d 745). Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.