■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL LARRY BRICKLEY, Appellant. [760 NYS2d 266] —Mercure, J. Appeal from a judgment of the Supreme Court (Lamont, J.),

rendered August 25, 2000 in Albany County, upon a verdict convicting defendant of the crimes of grand larceny in the third degree (four counts), grand larceny in the fourth degree (four counts) and petit larceny (three counts).

In September 1998, defendant was charged in a 53-count indictment with the crimes of grand larceny in the third degree (eight counts), grand larceny in the fourth degree (18 counts) and petit larceny (27 counts). The charges arose from defendant's use of funds from the "5 Shalimar Court Statutory Trust" for nontrust purposes. Specifically, defendant contracted to construct a home for Riaz Mirza in the Town of Colonie, Albany County. He opened a business checking account at Key Bank in the name of his company, Sierra-Co Signature Builders, to be used in connection with the project. Mirza issued checks totaling $296,075 to Sierra-Co for construction-related costs. Nevertheless, defendant failed to fully pay many of the subcontractors for their work, despite their demands for payment. Instead, defendant told the subcontractors that he could not pay them because Mirza had not paid him. Defendant then used the money in the Key Bank checking account for personal expenses.

In March 1999, County Court (Breslin, J.), denied defendant's pretrial omnibus motion to, among other things, dismiss the indictment. The People then filed a superceding indictment and defendant thereafter filed a second omnibus motion alleging that his right to a speedy trial was violated. The court denied defendant's second motion as well. At the close of trial, 13 representative counts of the 53-count indictment were submitted to the jury. The jury acquitted defendant of counts 35 and 53 and convicted defendant of the remaining counts. Defendant was sentenced to an aggregate prison term of $4\frac{2}{3}$ to 14 years. Defendant now appeals, and we affirm.

Defendant argues that the indictment was jurisdictionally defective for failing to allege sufficient legal and factual information. He maintains that the indictment did not allege that he failed to pay a claim of a subcontractor within 31 days after it was made, a necessary element of the crime of larceny under Lien Law § 79-a (1) (b). While defendant is correct that an indictment is jurisdictionally defective "if it fails to allege that a defendant committed acts constituting every material element of the crime charged" (*People v Iannone,* 45 NY2d 589, 600 [1978]; *see* CPL 200.50 [7]), it is well settled that "[t]he incorporation by specific reference to the statute operates without more to constitute allegations of all the elements of the crime" (*People v D'Angelo,* 98 NY2d 733, 735 [2002]; *see*

*People v Ray,* 71 NY2d 849, 850 [1988]; *People v Cohen,* 52 NY2d 584, 586 [1981]). We conclude that the indictment at issue here, which expressly references Lien Law § 79-a (1), provided defendant with fair notice of the charges against him (*see People v Marshall,* 299 AD2d 809, 810 [2002]; *People v Squire,* 273 AD2d 706, 706-707 [2000]). To the extent that defendant challenges the factual sufficiency of the indictment, his claims are unpreserved for our review inasmuch as he did not raise his objections before Supreme Court (*see People v Iannone, supra* at 600-601).

Similarly lacking in merit is defendant's argument that his right to a speedy trial was violated. Defendant concedes that this criminal action was commenced on September 25, 1998 and that the People then declared their readiness for trial on October 1, 1998, well within the six-month period permitted under CPL 30.30 (1) (a). Although defendant asserts that the People's declaration of readiness was rendered ineffective by the filing on April 16, 1999 of a superseding indictment correcting factual inaccuracies in two of the 53 counts, the second indictment is directly derived from the first. Thus, the subsequent indictment is related back to the commencement of the proceeding for purposes of calculating readiness under CPL 30.30 and the People's announcement of readiness for trial with respect to the first indictment satisfied their obligation with respect to the second indictment as well (*see People v Sinistaj,* 67 NY2d 236, 241 n 4 [1986]; *People v Stone,* 265 AD2d 891, 892 [1999], *lv denied* 94 NY2d 907 [2000]).

We further reject defendant's claim that Supreme Court erred in failing to inquire into whether defense counsel's prior representation of a prosecution witness created a conflict of interest. "A trial judge who is aware of a situation where a conflict may exist has an obligation to conduct a record inquiry of each defendant whose representation is potentially conflict-ridden in order to ascertain whether he or she has an awareness of the potential risks involved in that course and has knowingly chosen it" (*People v Harris,* 99 NY2d 202, 211 [2002] [internal quotation marks and citations omitted]). The failure to make such an inquiry, however, constitutes reversible error only "when defendant has established the existence, or probable existence, of a conflict of interest, which bears a substantial relation to the conduct of the defense" (*id.* at 211 [internal quotation marks and citations omitted]). Here, the prosecution witness previously represented by defense counsel testified only that she performed legal services for defendant that were unrelated to the construction project and received payment

from him, matters that were not in dispute. Assuming, without deciding, that a conflict existed, defendant failed to demonstrate that the conflict had a "substantial relation" to counsel's representation and reversal is not required (*see id.*; *cf. People v McDonald,* 68 NY2d 1, 9-10 [1986]).

Finally, we note that defendant's challenges to the constitutionality of Lien Law § 79-a have been rejected in part by the Court of Appeals and this Court (*see People v Chesler,* 50 NY2d 203, 209 [1980]; *People v Van Keuren,* 31 AD2d 711, 712 [1968], *affd* 27 NY2d 556 [1970]). To the extent that those challenges have not been previously rejected, we conclude that they are meritless, as are defendant's remaining assertions, including his claim that Supreme Court erred in sentencing him to consecutive terms of imprisonment.

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed and matter remitted to the Supreme Court for further proceedings pursuant to CPL 460.50 (5).