■ In the Matter of TYLENA S., Appellant, v DARIN J., Respondent. (Proceeding No. 1.) In the Matter of KURT J. and Another, Children Alleged to be Neglected. CHENANGO DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN K., Appellant. (Proceeding No. 2.) [771 NYS2d 592]—

Spain, J. Appeals (1) from an order of the Family Court of Chenango County (Sullivan, J.), entered June 3, 2000, which, inter alia, dismissed petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to find respondent in violation of a prior visitation order, and (2) from an order of said court, entered July 13, 2000, which granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 10, to adjudicate the children to be neglected.

In proceeding No. 1, petitioner, Tylena S. (hereinafter the mother), alleged that respondent, Darin J. (hereinafter the father), violated a prior order of visitation by failing to produce the parties' children, a six-year-old girl and an eight-year-old boy, for a scheduled visitation. In proceeding No. 2, petitioner, Chenango County Department of Social Services (hereinafter DSS), filed two neglect petitions pursuant to Family Ct Act article 10—one against the mother and the other against the mother's paramour, respondent John K. (hereinafter respondent). The petitions alleged that during a February 2000 visit, respondent drank beer in the presence of the children in violation of an existing order of protection and exposed the children to "pornographic materials" in magazines, placing the children at risk of impairment of their physical, mental and/or emotional condition (*see* Family Ct Act § 1012 [f] [i]). Attached to the petitions were written statements given by the children to State Police.

Following a combined fact-finding hearing, Family Court dismissed the mother's violation petition and dismissed the neglect petition against her, but sustained the neglect petition filed against respondent. In a subsequent dispositional order, the court directed that respondent have no contact with the children until the youngest child turns age 18 (*see* Family Ct Act § 1056 [4]). Respondent appeals from that portion of Family Court's order finding that he neglected the children and precluding contact with the children, and the mother appeals only from the dismissal of her violation petition.*

---

* Previously, this Court rejected an *Anders* brief and withheld decision pending assignment of new appellate counsel (298 AD2d 630 [2002]).

Initially, upon our review of the record and according deference to Family Court's findings and its assessment of the credibility of the witnesses in proceeding No. 1, we find no abuse of discretion in the dismissal of the mother's violation petition (*see Matter of Parkhurst v McFall*, 1 AD3d 78, 81-82 [2003]). As to the mother's ineffective assistance of counsel claim, we find that, viewed in the totality of these combined proceedings, she received meaningful representation, noting that counsel introduced proof at the hearing, elicited favorable testimony and obtained a dismissal of the neglect petition against her (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *Matter of Andrew MM.*, 279 AD2d 654, 657 [2001]).

Turning to proceeding No. 2, we reject respondent's assertion that the evidence against him at the fact-finding hearing did not support a finding of neglect. Since the mother reportedly discarded the magazines in issue after the incident, the most significant evidence at the fact-finding hearing of what was in them is derived from the statements of the children given to police, which were received in evidence. Both children reported that while they were sitting on the couch with their mother, respondent opened the pages of several "Playboy" type magazines and showed them upwards of 10 pictures, as their mother attempted to cover their eyes and slap the magazines away. The son described the pictures as showing, among other things, "naked girls touching tongues and girls laying down with their legs spread apart with their hands spreading their privates apart." The daughter described the pictures as showing, among other things, "naked women that were taking their hands and spreading their privates apart." The DSS caseworker and State Police investigator who together interviewed the children also testified. The written report of the certified social worker who was directed to do a forensic/mental health assessment of the adults and children was received in evidence; she testified as an expert regarding the possible deleterious effects of exposure by children to sexually explicit materials, and detailed certain statements made to her by the children which were generally consistent with their statements to police. The mother testified but respondent did not. Family Court also held an in camera hearing at which the children gave unsworn testimony; all attorneys and the children's Law Guardian were permitted to examine and cross-examine the children.

An unsworn out-of-court statement of a child relating to abuse or neglect, such as those given by the children to police here, "may be introduced into evidence at a fact-finding hearing and, if sufficiently corroborated, will support a finding of abuse or

neglect" (*Matter of Stephen GG.*, 279 AD2d 651, 652 [2001]). Notably, "[a]ny other evidence tending to support the reliability of the previous statements . . . shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi]; *see Matter of Christina F.*, 74 NY2d 532, 536-537 [1989]; *Matter of Arielle LL.*, 294 AD2d 676, 677 [2002], *appeal dismissed* 99 NY2d 532 [2002]). While "the mere repetition of an accusation by a child is not sufficient to corroborate his or her prior statement" (*Matter of Jared XX.*, 276 AD2d 980, 981 [2000]), the supportive statements of children who have witnessed the same act of abuse or neglect can be used to cross-corroborate each other (*see Matter of Nicole V.*, 71 NY2d 112, 124 [1987]).

Although the statements by the children to other witnesses and their in camera testimony were not as specific as their statements to police, the children consistently reported that respondent showed them pictures of naked women from magazines. In our view, there was sufficient reliable corroborative evidence of the children's original out-of-court statements to police and the finding of neglect was supported by a preponderance of the evidence.

While Family Court also apparently found that respondent was drinking beer in the presence of the children in violation of the order of protection, this conduct was not in and of itself sufficient to sustain a separate finding of neglect without evidence as to how this conduct caused harm to the children or put them in harm's way. Notably, respondent was not charged with neglect arising out of the misuse of alcohol (*see* Family Ct Act § 1012 [f] [i] [A]), and the record does not support a finding, nor did the court make a finding, that respondent was intoxicated to any degree at the time of the incident (*see Matter of Evangeline X.*, 256 AD2d 683, 684 [1998]; *Matter of Karl L.*, 224 AD2d 841, 842 [1996]). Thus, while respondent could have been charged with contempt of the court order or pursuant to Family Ct Act § 1012 (f) (i) (A), any conclusion that his drinking beer constituted neglect was in error.

We next reject respondent's contention that Family Court's failure to inquire into whether he understood the possible risks in, or conflicts of interest which could arise from, counsel's joint representation of him and the mother, deprived him of the effective assistance of counsel. The joint representation of corespondents "is not per se violative of the constitutional guarantee to the effective assistance of counsel" (*People v Macerola*, 47 NY2d 257, 264 [1979]; *see People v Harris*, 99 NY2d 202, 211 [2002]; *People v Brickley*, 306 AD2d 551, 553 [2003], *lv denied* 100 NY2d 641 [2003]) and the failure of the court to

make an inquiry will be reversible error only if the respondent can establish "the existence, or probable existence, of a conflict of interest, 'which bears a substantial relation to the conduct of the defense' " (*People v Harris, supra* at 211; *see People v Baldi*, 54 NY2d 137, 147 [1981], *supra*). To be sure, the best practice is to advise jointly represented parties on the record of the potential for conflicts and their right to separate representation (*see People v Philip L.S.*, 57 NY2d 820, 821 [1982]). Here, however, the interests of the mother and respondent—both of whom disputed that the incident occurred as described by the children—were never competing or adverse and, thus, the failure to so inform respondent does not require reversal. Although counsel did not call respondent to testify, that tactical decision avoided cross-examination into his past conduct and does not support his claim of ineffective assistance of counsel (*see People v Baldi, supra* at 147-148). In our view, there was no real potential for conflict and respondent received meaningful representation (*see id.*; *People v Smith*, 271 AD2d 752, 753 [2000]) and, in any event, respondent has not demonstrated that "the conflict had a 'substantial relation' to counsel's representation" (*People v Brickley, supra* at 554).

Finally, however, we conclude that Family Court erred in failing to hold a dispositional hearing. Although no objection was voiced, there was no specific waiver of the statutorily required dispositional hearing (*see* Family Ct Act §§ 1045, 1047, 1052 [a]; *Matter of Jessica FF.*, 211 AD2d 948, 950 [1995]; *see also Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 183 [1994]; *Matter of Casondra W.*, 184 AD2d 1070, 1071 [1992]). Accordingly, this matter must be remitted to Family Court for a dispositional hearing or to elicit a specific, on the record, waiver by the parties. Notably, because the record reveals that the mother has been directed to keep respondent away from the children in a custody/visitation order which is not presently before us, there is no need for us to make any temporary order in the interim.

We have considered respondent's remaining contentions and find they are without merit.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order entered June 3, 2000 is affirmed, without costs. Ordered that the order entered July 13, 2000 is reversed, on the law, without costs, and matter remitted to the Family Court of Chenango County for further proceedings not inconsistent with this Court's decision.