In the Matter of ASHLEY E., an Infant. CAYUGA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent; JENNIFER G.R., Appellant. [775 NYS2d 732]—

Appeal from an order of the Family Court, Cayuga County (Peter E. Corning, J.), entered May 23, 2003 in a proceeding pursuant to Family Ct Act article 6. The order adjudged that respondent's child is a permanently neglected child, transferred the guardianship and custody rights of the child to her father and stepmother and approved a permanency plan.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the ordering paragraphs transferring the guardianship and custody of the child to her father and stepmother and approving the permanency plan and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Cayuga County, for further proceedings in accordance with the following memorandum: Respondent appeals from an order finding her daughter to be a permanently neglected child and transferring the guardianship and custody of the child to her father and stepmother. Contrary to respondent's contention, the child was in the care of an authorized agency when the permanent neglect proceeding was commenced because the transfer of care to her father was on a trial basis (see Social Services Law § 384-b [7] [a]; Matter of Star Leslie W., 63 NY2d 136, 145 [1984]; Matter of Kathryn P., 225 AD2d 1064, 1064-1065 [1996]). The record supports Family Court's findings that petitioner exercised diligent efforts to encourage and strengthen the parental relationship between respondent and the child and that respondent failed to plan for the future of the child although physically and financially able to do so (see § 384-b [7] [a]; see generally Matter of Sheila G., 61 NY2d 368, 381-386 [1984]).

We agree with respondent, however, that the court should have conducted a dispositional hearing to determine the child's best interests because "there was no specific waiver of the statutorily required dispositional hearing" (Matter of Tylena S., 4 AD3d 568, 572 [2004]). We therefore modify the order accordingly, and we remit the matter to Family Court to conduct a dispositional hearing or to elicit, on the record, a specific waiver from the parties. We note that, pursuant to the June 2001 placement, the child is to remain in her father's custody pending the

disposition. Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.