■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REBECCA BOTTING, Appellant. [778 NYS2d 824]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered December 13, 2001. The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree, reckless endangerment in the first degree, assault in the third degree (two counts), and reckless endangerment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her after a jury trial of manslaughter in the second degree (Penal Law § 125.15 [1]), reckless endangerment in the first degree (§ 120.25), reckless endangerment in the second degree (§ 120.20), and two counts of assault in the third degree (§ 120.00 [2], [3]). County Court properly denied the motion of defendant for new assigned counsel inasmuch as she failed to show the requisite "good cause for substitution" (*People v Sides,* 75 NY2d 822, 824 [1990]; *see People v Sikes,* 2 AD3d 1362 [2003]; *People v Brant,* 277 AD2d 1022 [2000], *lv denied* 96 NY2d 756 [2001]; *People v Benson,* 265 AD2d 814, 814-815 [1999], *lv denied* 94 NY2d 860 [1999], *cert denied* 529 US 1076 [2000]). Contrary to the contention of defendant, she did not establish that there was a complete breakdown in communication with her attorney (*cf. Sides,* 75 NY2d at 824-825). Defendant failed to preserve for our review her further contention that the prosecutor should have been disqualified because he previously acted as the law guardian for defendant's children (*see* CPL 470.05 [2]). In any event, that contention is based on facts outside the record and therefore is not properly before us (*see People v Sachs,* 280 AD2d 966 [2001], *lv denied* 96 NY2d 834, 97 NY2d 708 [2001]; *People v Tower,* 256 AD2d 1132 [1998], *lv denied* 93 NY2d 858 [1999]).

Defendant next contends that she received ineffective assistance of counsel because defense counsel previously represented a prosecution witness. Although the court should have inquired about a possible conflict of interest, its failure to do so does not

require reversal under the circumstances of this case (*see People v Harris,* 99 NY2d 202, 211-212 [2002]; *People v Brickley,* 306 AD2d 551, 553-554 [2003], *lv denied* 100 NY2d 641 [2003]; *People v Carlson,* 180 AD2d 743, 744 [1992], *lv denied* 79 NY2d 1047 [1992]). There was no showing by defendant of "the existence, or probable existence, of a conflict of interest [that bore] a substantial relation to the conduct of the defense" (*Harris,* 99 NY2d at 211 [internal quotation marks omitted]; *see Brickley,* 306 AD2d at 553-554; *Carlson,* 180 AD2d at 744). Defendant's further contention that defense counsel was ineffective in failing to call a witness and in failing to cross-examine a prosecution witness is without merit because those decisions were a matter of strategy (*see People v Chung,* 276 AD2d 708 [2000], *lv denied* 96 NY2d 757 [2001]). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see People v Baldi,* 54 NY2d 137, 147 [1981]).

Defendant also contends that the conviction is not supported by legally sufficient evidence. We reject her contention with respect to the manslaughter conviction (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). Defendant failed to preserve her contention for our review with respect to the conviction of reckless endangerment in the first and second degrees and assault in the third degree (*see People v Gray,* 86 NY2d 10, 19 [1995]) but, in any event, we reject her contention with respect to those crimes as well (*see Bleakley,* 69 NY2d at 495). The evidence, viewed in the light most favorable to the People (*see People v Contes,* 60 NY2d 620, 621 [1983]), establishes that defendant drove a vehicle that swerved into the opposing lane of traffic and nearly collided with two vehicles before eventually colliding with a third vehicle, killing the driver of that vehicle. Although the evidence establishes that the passenger in defendant's vehicle, who was tried separately (*see People v Crombleholme,* 8 AD3d 1068 [2004]), was intoxicated and repeatedly grabbed the steering wheel, the evidence further establishes that defendant continued driving despite her passenger's repeated interference with her driving, that she was speeding, and that she did not slow down or apply the brakes before the collision and near collisions.

Defendant did not preserve for our review her contention that it was inconsistent for the jury to find her guilty with respect to both assault counts (*see* CPL 470.05 [2]; *People v Micheline,* 154 AD2d 624 [1989], *lv denied* 75 NY2d 773 [1989]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15

■ [a]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Pine, Kehoe, Martoche and Hayes, JJ.