THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM C. CROMBLEHOLME, Appellant. [778 NYS2d 256]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered December 13, 2001. The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree, reckless endangerment in the first degree, assault in the third degree (two counts), driving while ability impaired and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, a new trial is granted on counts one, three, four, five, and eight of the indictment, and the indictment is otherwise dismissed without prejudice to the People to file any appropriate charge under count seven of the indictment.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, manslaughter in the second

degree (Penal Law § 125.15 [1]) and reckless endangerment in the first degree (§ 120.25). The charges arose from a motor vehicle collision that occurred while defendant was the front-seat passenger in a vehicle driven by Rebecca Botting, who was tried separately (see People v Botting, 8 AD3d 1064 [2004]). The People alleged that defendant grabbed the steering wheel of the vehicle, causing it to swerve into the opposing lane of traffic and to collide with another vehicle. Botting was trapped in the vehicle as a result of the collision. We agree with defendant that reversal is required based on County Court's error in admitting Botting's statements following the accident as excited utterances. Over defense counsel's objections, several fire and police officials testified that, at the scene of the accident, Botting stated that defendant was to blame for the accident because he grabbed the steering wheel. The fact that Botting sustained injuries and was in pain does not by itself warrant the conclusion that her statements were excited utterances (see People v Johnson, 1 NY3d 302, 307 [2003]). Botting's statements were made at least 10 minutes after the accident, following the decision of the fire officials to tend first to the victims in the other vehicle. Considering the circumstances of this case, it cannot be said that Botting's statements were "not the product of studied reflection and possible fabrication" (id. at 306; see People v Vasquez, 88 NY2d 561, 579 [1996]). We further agree with defendant that the error cannot be deemed harmless. Defendant and Botting were the only witnesses with knowledge of who caused the collision. We therefore conclude that there is a reasonable possibility that the admission of Botting's statements contributed to defendant's conviction and thus that the error is not harmless beyond a reasonable doubt (see Johnson, 1 NY3d at 308 n 5; People v Crimmins, 36 NY2d 230, 237 [1975]).

Defendant further contends that the evidence is legally insufficient to support the conviction of aggravated unlicensed operation of a motor vehicle in the first degree and driving while ability impaired because he did not "operate" the vehicle (see Vehicle and Traffic Law § 511 [3] [a] [i]; § 1192 [1]). We reject that contention. Defendant's actions in grabbing the steering wheel and controlling the direction of the vehicle fall within the definition of operation of a motor vehicle, which is broad in scope (see generally People v Prescott, 95 NY2d 655, 662-663 [2001]).

We further reject the contention of defendant that the court improperly restricted his cross-examination of the accident reconstructionist on the issue of causation. Defense counsel attempted to show contributory fault of the driver of the other ve-

hicle, but the court sustained the prosecutor's objections to that line of questioning. "[T]he defendant's acts need not be the sole cause of death," and thus any contributory fault of the driver of the other vehicle is not relevant to the issue herein, i.e., whether defendant's acts "set[ ] in motion the events which ultimately result[ed] in the victim's death" (*People v Matos,* 83 NY2d 509, 511 [1994]).

In addition, we reject the contention of defendant that the court erred in allowing testimony concerning his prior bad acts, i.e., that earlier that evening defendant had grabbed the steering wheel while Botting was driving the vehicle. We agree with the People that the testimony was admissible because it was relevant on the issue of identity (*see People v Alvino,* 71 NY2d 233, 241-242 [1987]). The defense theory was that defendant did not grab the steering wheel at all or that, if he did so, it was to prevent an accident because Botting was driving recklessly. The evidence that defendant repeatedly grabbed the steering wheel just hours before the accident was relevant to establish that it was defendant, not Botting, who steered the vehicle into the opposing lane of traffic. The probative value of that evidence outweighed its potential for prejudice to defendant (*see id.* at 242).

We therefore reverse the judgment and grant a new trial on counts one, three, four, five, and eight of the indictment. Inasmuch as defendant was convicted of the lesser included offense of driving while ability impaired under count seven of the indictment, that count is dismissed without prejudice to the People to file any appropriate charge under that count (*see People v Holmes,* 302 AD2d 936 [2003]). In view of our determination, we do not address defendant's remaining contentions. Present—Pigott, Jr., P.J., Pine, Kehoe, Martoche and Hayes, JJ.