■ In the Matter of KAYLA PP. and Another, Children Alleged to be Abused and Neglected. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHARON RR.,

---

Appellant, et al., Respondents. [611 NYS2d 687] —Casey, J. Appeal from an order of the Family Court of Rensselaer County (Tepedino, J.H.O.), entered February 16, 1993, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Kayla PP. to be an abused and neglected child.

Petitioner commenced this proceeding in March 1992 seeking an adjudication that the parents (respondents Sharon RR. and Dave RR.) and maternal grandparents abused and/or neglected Kayla PP. and Steven SS. The proceeding was instituted shortly after the children had been removed from the home due to allegations of abuse (see, Family Ct Act §§ 1022, 1024).

The testimony of a former employee of petitioner revealed allegations of sexual abuse about respondents that Steven had made to a worker at a foster care facility. A clinical psychologist opined that Kayla had been sexually abused by both Dave and Steven, and that Steven had been sexually abused by Dave. The Law Guardian concluded that Sharon was guilty of at least neglect for failing to protect the children from Dave, who was guilty of sexual abuse. Family Court agreed with these conclusions. However, the court found insufficient evidence on which to base any finding of abuse or neglect against the grandparents. Based on its finding, Family Court scheduled a dispositional hearing. At this hearing Sharon's counsel stated to the court that Sharon did not wish to proceed any further and would consent to the conditions petitioner presented. By dispositional order, Kayla was placed in foster care for up to a year. Sharon appeals.

Although the findings of Family Court are in the main conclusory rather than specific, the record contains ample evidence to support Family Court's adjudication (see, Matter of Anita U., 185 AD2d 378, 379). In view of Sharon's consent to a limited dispositional hearing, and because the hearing was held within a few days of the fact-finding hearing, remittal is not required (see, Matter of Michelle S., 195 AD2d 721, 722). Furthermore, we find no prejudice to Sharon as the result of Family Court's failure to state in its order that continuation in the child's home would be contrary to the child's best interests (see, Matter of Katrina W., 171 AD2d 250, 256-257, appeal dismissed 79 NY2d 976, cert denied sub nom. Rosalyn W. v Suffolk County Dept. of Social Servs., — US —, 113 S Ct 217) and consider any such error harmless. The petition alleged "in the alternative" that an order based on neglect of

the children would be sought. Thus, Sharon was sufficiently informed that she could be found guilty of neglect (see, Family Ct Act § 1031). Neglect may include a failure to properly supervise by unreasonably allowing harm to be inflicted upon a child (see, Matter of Faith AA., 139 AD2d 22, 25). The testimony offered here, including the unsworn out-of-court statements of the victim, "if properly corroborated, will support a finding of abuse or neglect" (Matter of Scott X., 184 AD2d 866). The testimony of the clinical psychologist that Kayla was sexually abused by Dave and that Sharon did nothing to prevent the abuse, together with all of the other evidence offered, is sufficient to sustain the finding of neglect against Sharon as determined by Family Court. The order should be affirmed.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.