■ In the Matter of GRACE VV., a Child Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARCIA VV., Appellant. (Proceeding No. 1.) In the Matter of GRACE VV., a Child Alleged to be Abused and Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CARLON VV., Appellant. (Proceeding No. 2.) [614 NYS2d 582] —White, J. Appeals (1) from an order of the Family Court of Tompkins County (Barrett, J.), entered April 15, 1993, which granted petitioner's application, in a proceeding (No. 1) pursuant to Family Court Act article 10, to adjudicate respondents' child to be neglected, and (2) from an order of said court, entered June 9, 1993, which granted petitioner's application, in a proceeding (No. 2) pursuant to Family Court Act article 10, to adjudicate respondents' child to be abused.

These appeals* arise from proceedings pursuant to Family Court Act article 10 in which Family Court found that respondent father sexually abused his daughter, born in March 1987, and that respondent mother neglected the child. Petitioner's proof establishing these charges was elicited from a senior caseworker, a clinician-psychotherapist and the child's foster mother. The senior caseworker testified that she interviewed the mother four times during the period the mother was a patient in a hospital psychiatric unit. At each interview, the mother stated that, on several occasions, she had seen her husband sexually abuse their daughter by, *inter alia,* using "his finger on her". The clinician related that the child told her that her father had touched her lots of times while she was in the living room and in the bathtub. The clinician further testified that she provided the child with an anatomically correct doll which the child used to show that her father had placed his finger on her vagina. The clinician also stated that the child said she had told her mother what had happened and that her mother put medicine on her. The foster mother testified that, when she first tried to give the child a bath, she would not sit down because "[m]y daddy wasn't in the tub with me". The child also told the foster mother that her father washed her private parts with his bare hands "real hard" and that it had hurt her. With respect to the child's behavior, the foster mother noted that her conduct indicated that she was afraid of men. The clinician observed that the

---

* The appeal by respondent mother in proceeding No. 1 is only from the intermediate order of neglect as authorized by Family Court Act § 1112 (a).

child moved around a lot and became anxious, agitated and restless when asked about touching.

Both respondents contend that petitioner's proof is deficient in that the out-of-court statements of the child were not sufficiently corroborated. Whether proffered corroborative testimony actually tends to support a child's out-of-court statements is a matter entrusted to the discretion of Family Court *(see, Matter of Christina F. [Gary F.],* 74 NY2d 532, 536; *Matter of Department of Social Servs. [Carol Ann D.] v Warren D.,* 195 AD2d 460). The statute allowing the admission of such statements broadly provides that they may be corroborated by "[a]ny other evidence tending to support the reliability of the previous statements, including, but not limited to the types of evidence defined in this subdivision" (Family Ct Act § 1046 [a] [vi]; *see, Matter of Department of Social Servs. [R. Children] v Waleska M.,* 195 AD2d 507, *lv denied* 82 NY2d 660).

Here, the mother's statements that she had witnessed the sexual abuse of the child by the father, together with the foster mother's and clinician's observation of the child's behavior, provide ample corroboration for the child's out-of-court statements. Our position is not affected by the fact that at the fact-finding hearing the mother recanted the statements made to the caseworker *(see, Matter of Nicole V.,* 71 NY2d 112, 119). Moreover, in light of the admissions by the mother's psychiatrist that he did not know why she went to the hospital, that he never saw her at the hospital and never spoke to anyone at the hospital, Family Court acted well within its discretion in rejecting his testimony that the mother was in the hospital because of a "psychotic break" and could not have accurately related events at the time she was in the hospital *(see, Matter of Scott X. [Rose X.],* 184 AD2d 866).

The father further argues that Family Court erred in permitting the mother's hearsay statements to the caseworker into evidence. Although the statements are hearsay, their admission was proper because the mother was in court, subject to oath and the safeguards of cross-examination *(see, Letendre v Hartford Acc. & Indem. Co.,* 21 NY2d 518, 524; *Vincent v Thompson,* 50 AD2d 211, 224).

We have considered respondents' other arguments and find them unpersuasive.

Accordingly, since a review of the record reveals that the charges against respondents have been established by a preponderance of the evidence in that the proof shows that the father committed a sex offense against the child as defined in

Penal Law § 130.60 (2) and that the mother, knowing of the father's action, took no steps to protect the child from further abuse, we affirm (see, Matter of Kayla PP. [Sharon RR.], 204 AD2d 769; Matter of Guy UU. [Donald UU.], 200 AD2d 852; Matter of New York City Dept. of Social Servs. [Anna Marie A.] v Elena A., 194 AD2d 608; see also, Family Ct Act § 1012 [e] [iii]).

Cardona, P. J., Weiss, Yesawich Jr. and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.