■ In the Matter of MARYANN NN. and Others, Children Alleged to be Abused and Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PIXIE NN., Appellant, et al., Respondent. [665 NYS2d 710] —Casey, J. Appeals (1) from an order of the Family Court of Otsego County (Pines, J.), entered May 24, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, and adjudicated respondents' children to be abused and neglected, and (2) from an order of said court, entered May 24, 1996, which issued an order of protection.

Respondents (hereinafter the mother and the father) are the parents of five children, four daughters and one son. In the latter part of July 1995, Marsha (born in 1979) told her volleyball

coach that her father had sexually abused her. At the same time Marsha also revealed that her sister Maryann (born in 1977) had confessed to her that she had also been sexually abused by the father. Upon being confronted by Marsha and Maryann in the presence of their landlady, in whom the girls had also confided, the mother called the Otsego County Sheriff's Department to report the abuse. Statements were thereafter taken from Marsha and Maryann, who specifically described the one time that their father had sexual intercourse with each one of them. Also giving statements were the mother, the father and another daughter, Jennifer (born in 1980), who reported no such abuse toward her. Upon confessing to this conduct, the father was charged with rape in the third degree.

An abuse petition was subsequently filed against the father naming all five children, and a temporary order of protection was issued on August 11, 1995 forbidding the father to have any contact with the children and forbidding the mother to allow any such contact. On August 19, 1995, just three days after the temporary order of protection had been continued in open court in the presence of both the mother and the father, Nancy Allison, one of petitioner's caseworkers, observed the father and the mother shopping together with the two youngest children. As a result, an amended petition was filed adding the mother as a respondent and alleging that she had neglected all five children by, *inter alia*, failing to protect them from the father.

At the conclusion of a fact-finding hearing, at which neither the father nor the mother testified, Family Court determined that all five children had been abused by the father and neglected by the mother. After a stipulation in lieu of a dispositional hearing was entered into by the parties, Family Court issued an order of disposition whereby it released the children into the custody of the mother for one year on the condition that she cooperate with petitioner. The court simultaneously issued an order of protection whereby, *inter alia*, the mother was to allow no contact between the children and the father outside a therapeutic setting agreed upon by all parties. The mother now appeals, arguing that there was insufficient evidence to support the finding that she neglected her children.*

As part of its determination of neglect, Family Court specifi-

---

* In addition to appealing from the order of disposition, the mother also appeals from the order of protection. As she raises no specific arguments with respect thereto in her brief, we deem the appeal from that order abandoned (*see, Menio v Akzo Salt*, 217 AD2d 334, 336, n 1; *Transamerica Commercial Fin. Corp. v Matthews of Scotia*, 178 AD2d 691, 692, n 1).

cally found that allowing the children to be in contact with the father in violation of the order of protection was an indication that the mother "has not been and very well may not be a protective ally for the children". The mother now claims that the court's finding of neglect cannot be based on her failure to abide by the August 11, 1995 temporary order of protection as said order was unenforceable against her because she was not, at that time, a named respondent in the petition. Contrary to the mother's contention, however, Family Court Act § 1029, which governs temporary orders of protection, is not so limiting. Furthermore, Family Court Act § 1056 (1), to which Family Court Act § 1029 (a) specifically refers, provides that an order of protection may be issued against persons other than those named as respondents so long as they are before the court (see, Matter of Christina I., 226 AD2d 789, lv denied 88 NY2d 808; Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1056, at 455). Here, the mother appeared in Family Court on August 16, 1995, when the temporary order of protection was continued, at which time Family Court specifically ordered her to keep the children away from the father.

Even if said order was not enforceable against the mother, we are satisfied that there is sufficient evidence to sustain the finding of neglect (see, Family Ct Act § 1046 [b]; Matter of Tammie Z., 66 NY2d 1). Testimony at the hearing revealed that the mother put the children in imminent danger of physical, mental or emotional harm or substantial risk thereof (see, Family Ct Act § 1012 [f] [i] [B]) by attempting to discourage one of her daughters from pressing charges against the father after learning of the sexual abuse, and refusing to recognize the deleterious effects of such abuse. In her own statement, which was admitted at the hearing, the mother explained that while she called the Sheriff's Department to report the father's abuse, her "main concern" at the time was not the abuse, but her landlady's refusal to leave her residence until she made the call. The mother's contention that the children did not hear this statement and therefore could not have been harmed by it ignores the fact that this evidences her casual attitude about the abuse, which we find detrimental to the emotional and physical welfare of the children.

Furthermore, the mother should reasonably have known that the children were, in the words of the statute, in danger of physical or emotional impairment as Family Court made it amply clear to her that it was too great a risk to allow any contact between the younger children and the father, who had

admitted to sexually abusing two of the daughters. Nevertheless, just a few days later the mother was seen shopping with her younger children and the father. When confronted by Allison, her only response was that it was unfair not to allow these children to be with their father. We find irrelevant her later explanation that she thought that Family Court's order of protection had been overridden by a subsequent criminal order of protection, an order which does not appear in this record, as the risk of harm under the neglect statute remained regardless of the existence of the outstanding criminal order. Finally, Allison also testified that the daughters were upset as they believed that the mother was blaming them for the abuse and Marsha told her coach that she did not want to leave the house as she feared for the safety of the younger children. In these circumstances, and given that Family Court's determination is entitled to great weight on appeal (see, Matter of Kathleen OO., 232 AD2d 784, 785), we conclude that a preponderance of the evidence supports the finding of neglect (see generally, Matter of Jessica D., 208 AD2d 626, lv denied 85 NY2d 809; Matter of Kasey C., 182 AD2d 1117, 1118, lv denied 80 NY2d 757).

Cardona, P. J., Mikoll, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order of disposition is affirmed, without costs. Ordered that the appeal from the order of protection is dismissed, as abandoned, without costs.