■ In the Matter of MARTHA Z. and Another, Children Alleged to be Abused and/or Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VERNON Z. et al., Appellants. [732 NYS2d 717] —Rose, J. Appeals from two orders of the Family Court of Chemung County (Hayden, J.), entered June 19, 2000 and July 12, 2000, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' children to be abused and/or neglected.

Respondents are the married parents of two daughters, Mar-

tha (born in 1988) and Margaret (born in 1984). In September 1999, after Martha told school officials of an incident of sexual contact by her father, respondent Vernon Z., petitioner commenced this proceeding alleging child abuse and neglect by both respondents. At the conclusion of the fact-finding hearing, Family Court found that the father abused and neglected Martha, the mother, respondent Connie Z., neglected Martha and both parents derivatively neglected Margaret. Respondents now appeal, contending that Family Court's findings are not supported by the evidence because Martha's in-court and out-of-court statements as to the incident with her father are neither credible nor sufficiently corroborated to be considered.

"A child's unsworn out-of-court statement relating to abuse or neglect may be introduced into evidence at a fact-finding hearing and, if sufficiently corroborated, will support a finding of abuse or neglect" (*Matter of Stephen GG.*, 279 AD2d 651, 652 [citation omitted]; *see*, Family Ct Act § 1046 [a] [vi]). Family Court has broad discretion in determining whether such corroboration is reliable (*see, Matter of Christina F.*, 74 NY2d 532, 536; *Matter of Heidi CC.*, 270 AD2d 528, 529), as well as in assessing issues of credibility where there is inconsistent testimony (*see, Matter of Karen F.*, 208 AD2d 994, 995). In addition, a child's recantation of allegations of abuse does not necessarily render her statements incredible, but rather is recognized as "a 'common reaction among abused children'" (*Matter of N. & G. Children*, 176 AD2d 504, 505, quoting *Matter of Tania J.*, 147 AD2d 252, 257).

Here, Martha's out-of-court statements were corroborated by her in-court testimony of the abuse (*see, Matter of Christina F., supra*, at 536-537). Family Court carefully evaluated the child's credibility and was persuaded by the school social worker's testimony as to Martha's extreme emotional distress and dramatic changes in behavior following the incident with her father (*see, e.g., Matter of Tanya T.*, 252 AD2d 677, 678, *lv denied* 92 NY2d 812; *Matter of Randy A.*, 248 AD2d 838, 839). Further, it is significant that all of the recantations described at the hearing occurred prior to the child's removal from respondents' home. Accordingly, Family Court properly exercised its discretion in finding reliable corroboration, and the record as a whole provides a sound and substantial basis for Family Court's finding of abuse and neglect by the father.

We additionally note that the mother did not testify at the hearing or otherwise dispute the testimony of Martha and others that she had failed to even consider the possibility that Martha had been abused by her father and that she had herself

physically abused the child by excessive corporal punishment. Thus, the record also supports Family Court's conclusion that Martha's physical, mental and emotional condition was impaired or was in imminent danger of being impaired due to the mother's failure to exercise a minimum degree of care (*see,* Family Ct Act § 1012 [f] [i]; *Matter of Tiffany AA.,* 268 AD2d 818, 819-820).

Finally, we perceive no error in Family Court's finding of derivative neglect regarding Margaret. The impaired parental judgment of respondents shown at the hearing also created a substantial risk of harm to her.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.