In the Matter of Frank Y. and Others, Children Alleged to be Neglected. Chemung County Department of Social Services, Respondent; Frank Z., Appellant. (And Another Related Proceeding.) [783 NYS2d 123]—

Spain, J.P. Appeal from an order of the Family Court of Chemung County (Brockway, J.), entered January 27, 2003, which, inter alia, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 10, to adjudicate the children of respondent Frank Z. to be neglected.

Respondent is the father of four young children. In 2001, when the oldest child was six years old, petitioner commenced neglect proceedings against respondent and the mother of the children based upon the mother's physical abuse of the children and respondent's failure to protect them. Following a hearing, Family Court made a finding against the mother of excessive force in punishing the children and granted respondent an adjournment in contemplation of dismissal; the children were eventually returned to his care under the supervision of petitioner on the condition, among other things, that the mother vacate the home and stay away from the children. An order of protection was issued requiring respondent to refrain from any act that would endanger the welfare of the children and from the use of any type of corporal punishment. At the same time,

an order of protection was issued directing the mother to stay away from the children, their home and school, except under petitioner's supervision.

On May 3, 2002, the mother was found by the police at the home of respondent and the children. After a hearing pursuant to Family Ct Act § 1022, the children were temporarily removed to the custody of petitioner. Thereafter, petitioner filed a petition alleging that respondent had violated the terms of the order of protection and filed a neglect petition, later amended, alleging that respondent placed the children at risk by permitting the mother to have contact with them and by his inflicting corporal punishment upon them. Following fact-finding and dispositional hearings, Family Court sustained the neglect petition and ordered, among other things, the children to be placed in petitioner's custody for a period of one year. With respect to the violation petition, the court issued a suspended judgment pursuant to Family Ct Act § 1053 on the condition that respondent not violate any of its orders. Respondent appeals and we affirm.

Viewing the record as a whole, including the evidence of respondent's willful violation of the order of protection, we conclude that there was sufficient evidence to support Family Court's finding of neglect. A neglected child is a person below the age of 18 "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]; *see Matter of Shannon ZZ.*, 8 AD3d 699, 700 [2004]).

Here, the record reflects that respondent was repeatedly apprised—at meetings with petitioner's employees and in open court—of the danger posed by the mother's poor anger management skills and physical abuse of the children. He was fully aware of the order of protection issued against her and that she had to move out of the home and stay away from the children before he could regain custody. Although at trial respondent and the mother denied most of these visits, abundant evidence was presented to support Family Court's finding that respondent, fully aware that the mother had been determined to pose a danger to the children, regularly permitted them to be in her presence (*see Matter of Maryann NN.*, 244 AD2d 785, 786-787 [1997]).

The record also supports Family Court's determination that

respondent violated that portion of the order of protection prohibiting "any type of corporal punishment" against the children and, contrary to respondent's assertion, the children's statements in this regard were sufficiently corroborated. "An unsworn out-of-court statement of a child relating to abuse or neglect . . . 'may be introduced into evidence at a fact-finding hearing and, if sufficiently corroborated, will support a finding of abuse or neglect' " (*Matter of Tylena S. v Darin J.*, 4 AD3d 568, 570-571 [2004], *lv dismissed* 2 NY3d 759 [2004], quoting *Matter of Stephen GG.*, 279 AD2d 651, 652 [2001]; *see* Family Ct Act § 1046 [a] [vi]). The reliability of such corroboration is a determination entrusted in the first instance to Family Court's considerable discretion (*see Matter of Christina F.*, 74 NY2d 532, 536 [1989]; *Matter of Martha Z.*, 288 AD2d 706, 707 [2001]). In evaluating the sufficiency of the corroboration of a child's testimony in this context, "[a]ny other evidence tending to support the reliability of the previous statements . . . shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi]), and supportive "cross statements of children witnessing the abuse or suffering abuse are sufficient corroboration" (*Matter of Akia KK.*, 282 AD2d 839, 840 [2001]; *see Matter of Tylena S. v Darin J., supra* at 571).

One of the children reported that respondent disciplined him with a belt while the children lived exclusively with respondent and that the other children had also been spanked during this relevant time period. Another child reported that respondent had hit her with a belt and that all of the children had been hit with the belt, which she described in detail. Another child confirmed those statements, adding that respondent had punched him in the stomach, leaving bruises, and hit him with a belt and a vacuum cleaner cord (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Christina F., supra* at 536-537 [1989]; *Matter of Sabrina M.*, 6 AD3d 759, 761 [2004]; *Matter of Danielle YY.*, 188 AD2d 894, 895-896 [1992], *lv denied* 81 NY2d 706 [1993]). The witnesses who had spoken to the children testified that all of the children were able to differentiate between the different periods of foster care and the period that they lived exclusively with respondent. Although the children's day care worker and a neighbor testified that they saw no evidence of physical abuse, they had limited interaction with the children. According due deference to Family Court's assessment of the credibility of the witnesses (*see Matter of Tylena S. v Darin J., supra* at 570) and viewing the evidence in a light most favorable to petitioner (*see Matter of Mary Ellen P. v John R.*, 278 AD2d 750, 752 [2000]), we find that the court did not abuse its discretion in finding that the children's statements were sufficiently corroborated

(*see Matter of Akia KK., supra* at 840; *Matter of Tabatha WW.,* 260 AD2d 669, 670 [1999], *lv denied* 93 NY2d 815 [1999]) and that respondent, during the relevant period, meted out severe corporal punishment in violation of the order of protection, acts which also constituted neglect.

Finally, respondent's challenge to Family Court's temporary removal of the children from his home, after the Family Ct Act § 1022 hearing, is not properly before this Court as the final fact-finding and dispositional order has rendered the removal order moot (*see Matter of Derrick JJ.,* 244 AD2d 790 [1997]).

We have reviewed respondent's remaining contentions and find they are devoid of merit.

Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.