■ In the Matter of COREY C., a Child Alleged to be Neglected. GREENE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HAROLD D., Appellant. [798 NYS2d 232]—

Mercure, J.P. Appeals (1) from an order of the Family Court of Greene County (Pulver, Jr., J.), entered May 21, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's stepchild to be neglected, and (2) from an order of said court, entered May 18, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to be relieved of its obligation to exercise supervision over respondent.

Corey C. (born in 1993) resided with his mother and respondent, his stepfather. In November 2002, petitioner commenced this neglect proceeding against respondent, alleging that he had misused alcohol and, in the course of resolving a physical dispute between his daughter and Corey, kicked Corey in the stomach. Following a fact-finding hearing, Family Court sustained the neglect petition, finding that respondent failed to provide adequate supervision and used excessive corporal punishment, and issued an order of protection directing respondent's removal from the residence. The court also granted petitioner's applica-

tion to be relieved of its obligation to exercise supervision over respondent. Respondent now appeals from both of these orders.*

Contrary to respondent's contentions on appeal, we conclude that Family Court's finding of neglect was supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Nathaniel II.*, 18 AD3d 1038, 1039 [2005]). Although much of the evidence regarding the claims of excessive corporal punishment consisted of Corey's out-of-court statements and actions which, by themselves, are insufficient to support a finding of neglect (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Evelyn X.*, 290 AD2d 817, 820 [2002], *lv dismissed* 98 NY2d 666 [2002]), "[a]ny other evidence tending to support the reliability of the [out-of-court] statements . . . shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi]; *see Matter of Rebecca X.*, 18 AD3d 896, 897-989 [2005]).

Here, Family Court's findings were based upon the corroborative testimony provided by Corey's mother, who initially reported the incident to the police, the police officer who arrived on the scene, the caseworker who interviewed the children, as well as the statements of Corey's brother and stepsister, who confirmed to the police officer that they saw respondent kick Corey. The mother's recantation of her initial account of the incident before the fact-finding hearing created a credibility issue for Family Court to resolve. The circumstances surrounding her recantation, including her concern that respondent would lose his job if there were a finding of neglect, as well as his previous threats of violence against her, were properly considered by Family Court (*see Matter of Karen BB.*, 216 AD2d 754, 756 [1995]) because the retraction of neglect allegations does not necessarily render previous statements incredible as a matter of law (*see Matter of Akia KK.*, 282 AD2d 839, 841 [2001]; *Matter of Grace VV.*, 206 AD2d 608, 609 [1994], *lvs denied* 84 NY2d 809 [1994]). Similarly, although the record reveals inconsistent accounts about whether Corey's brother and stepsister actually witnessed the incident or merely heard it occur, the reliability of this corroborative evidence was a determination entrusted to Family Court's considerable discretion, and we will not disturb its decision to credit the children's initial statements to the police (*see Matter of Frank Y.*, 11 AD3d 740, 742 [2004]; *Matter of Tylena S. v Darin J.*, 4 AD3d 568, 571 [2004], *lv dismissed* 2 NY3d 759 [2004]).

---

* We note that by failing to raise in his brief the propriety of the order relieving petitioner from further supervision over him, respondent has abandoned that issue (*see Matter of Curtis N.*, 288 AD2d 774, 776 [2001], *lv denied* 97 NY2d 610 [2002]).

Moreover, while Corey did not appear to exhibit physical signs of abuse following the incident, "[a]ctual injury or impairment need not be found, as long as a preponderance of the evidence establishes that the child is in 'imminent danger' of either injury or impairment" (*Matter of Katie R.*, 251 AD2d 698, 699 [1998], *lv denied* 92 NY2d 809 [1998], quoting *Matter of Maroney v Perales*, 102 AD2d 487, 489 [1984]; *accord Matter of Markus MM.*, 17 AD3d 747, 748 [2005]). Here, there is ample record support that the child was in imminent danger of damage to his physical, mental or emotional condition (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Nichole SS.*, 296 AD2d 618, 619 [2002]; *Matter of Billy Jean II.*, 226 AD2d 767, 769-770 [1996]). Inasmuch as the weight and credibility determinations regarding this testimony fall squarely on Family Court, we find no basis to disturb its findings (*see Matter of Megan G.*, 291 AD2d 636, 639 [2002]).

Crew III, Peters, Spain and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.