■ In the Matter of ADDIE F., Alleged to be an Abused and/or Neglected Child. CHENANGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEWAYNE G., Appellant. [802 NYS2d 791]—

Rose, J. Appeals from two orders of the Family Court of Chenango County (McDermott, J.), entered June 23, 2004 and July 12, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be abused.

In response to a hotline report that respondent had sexually abused his girlfriend's daughter (born in 1997), who was then six years old, petitioner's caseworker took a statement from the child graphically describing her sexual abuse by respondent over an extended period of time. Before she eventually recanted, the child repeated these allegations to her paternal grandmother, an investigating police officer and an examining physician. Petitioner subsequently commenced this proceeding alleging

respondent's sexual abuse of the child on various dates between January 2000 and July 2003. Following a fact-finding hearing, Family Court sustained the abuse petition.

Respondent now appeals, contending that the child's out-of-court statements were not sufficiently corroborated to prove sexual abuse by a preponderance of the evidence. We disagree. A child's unsworn, out-of-court statement "may be corroborated by any evidence tending to support its reliability, and a relatively low degree of corroborative evidence is sufficient in abuse proceedings" (*Matter of Joshua QQ.*, 290 AD2d 842, 843 [2002] [citation omitted]). Our standard of review recognizes that the reliability of the corroboration is a determination entrusted in the first instance to Family Court's broad discretion (*see Matter of Frank Y.*, 11 AD3d 740, 742 [2004]; *Matter of Joshua QQ., supra* at 843). Further, it was for Family Court to resolve the credibility issues raised by the conflicting testimony, and its determination will not be disturbed unless clearly unsupported by the evidence (*see Matter of Martha Z.*, 288 AD2d 706, 707 [2001]; *Matter of Kathleen OO.*, 232 AD2d 784, 785 [1996]).

The child's consistent, explicit and age-inappropriate knowledge of sexuality as well as the testimony of Sarah Walsh, a senior clinical social worker, corroborated her out-of-court statements. Walsh testified as to behaviors commonly manifested by child victims of abuse. Then, based on the accounts by others of the child's statements and behavior, Walsh opined that the child's behavior, such as her knowledge of sexual detail and reports of progressively more intrusive contact, was typical and consistent with that of a victim of sexual abuse. In addition, Family Court properly considered respondent's concession that sexual contact took place and his unlikely claim that the actual perpetrator was an adult neighbor who had allegedly entered the child's bedroom through a window in the middle of the night. Giving due consideration to Family Court's assessment of the credibility of the witnesses, we conclude that the court did not abuse its discretion in finding that the child's statements were sufficiently corroborated (*see Matter of Frank Y., supra* at 742). As the evidence was both sufficient and given appropriate weight, we decline to disturb Family Court's finding of abuse.

Mercure, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the orders are affirmed, without costs.