■ In the Matter of AMBER DD. and Another, Children Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRENDA DD., Appellant. [809 NYS2d 657]—

. Kane, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered December 29, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Respondent's two children were removed from her care due to allegations that she abused alcohol and failed to provide ade-

quate supervision. She appeals from Family Court's order finding that she neglected her children and placing the children under petitioner's supervision.

The evidence supports Family Court's determination that respondent neglected her children. Proof that a parent repeatedly abuses drugs or alcohol constitutes prima facie evidence of neglect, except "when such person is voluntarily and regularly participating in a recognized rehabilitative program" (Family Ct Act § 1046 [a] [iii]). The record establishes that respondent abused alcohol and several drugs, including marihuana, cocaine and ecstacy. She claims that she falls within the exception because she is receiving rehabilitative treatment as a result of her participation in a city drug court program. While participation in drug court by a person charged with a crime is voluntary (*see* CPL 170.15 [4]; 180.20 [3]), the alternative is incarceration or other criminal sanctions. Even without considering whether respondent's attendance record indicates that she is not regularly participating in treatment, her participation based on her desire to avoid prison cannot be considered voluntary as envisioned by Family Ct Act § 1046 (a) (iii).* Hence, the statutory exception does not apply and petitioner proved neglect due to respondent's substance abuse (*see* Family Ct Act § 1046 [a] [iii]).

Additionally, petitioner proved that respondent neglected her children in other ways. Respondent's own testimony corroborated some of the children's out-of-court statements and the two children's statements cross-corroborated each other (*see Matter of Nicole V.,* 71 NY2d 112, 124 [1987]; *Matter of Frank Y.,* 11 AD3d 740, 742 [2004]; *Matter of Tylena S. v Darin J.,* 4 AD3d 568, 571 [2004]). This evidence showed that respondent failed to provide adequate supervision for the children after school, made the children uncomfortable by expressing affection with various men in front of them, engaged in sexual activity in the living room where the children could and did interrupt her, served alcohol to a minor and provided at least one of her children with her own prescription medication. Although no adverse reaction to the medication was shown, actual injury is not required as long as there is imminent danger of injury or impairment (*see Matter of Katie R.,* 251 AD2d 698, 699-700 [1998], *lv*

---

* The purpose for the statutory exception, as noted in the legislative history of the bill amending the statute to create the exception, is to "inspire parents with drug problems to participate in treatment programs" and avoid the presumption of neglect which "discourages parents who are involved in substance abuse from seeking appropriate treatment for this condition, for fear of losing custody of their children" (Letter from Office of Alcoholism and Substance Abuse, July 9, 1981, Bill Jacket, L 1981, ch 984, at 6).

*denied* 92 NY2d 809 [1998]). Giving an adult dose of medication to a child who is taking other prescriptions, without being aware of the possible side effects or interactions of those medications and without consulting a physician, creates an imminent danger of impairment (*see Matter of William AA.*, 24 AD3d 1125, 1126-1127 [2005]). Giving deference to Family Court's credibility determinations and finding that the children's statements were adequately corroborated, we will not disturb the court's neglect determination (*see Matter of Addie F.*, 22 AD3d 986, 987 [2005]; *Matter of Corey C.*, 20 AD3d 736, 738 [2005]; *Matter of Frank Y., supra* at 742).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.