■ In the Matter of IDA EE., a Child Alleged to be Abused and Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SILAS EE., Appellant. (And Three Other Related Proceedings). [817 NYS2d 777]—

Crew III, J. Appeal from an order of the Family Court of Ulster County (Work, J.), entered March 8, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be abused and neglected.

In October 2001, petitioner commenced an abuse and neglect proceeding against respondent, the biological father of Ida EE. (born in 1986), alleging, among other things, that respondent touched the child's genitals through her clothes and suggested to her that she needed to take a shower with him or allow him to take nude pictures of her in order to atone for recent misbehavior. According to the child, respondent stated that he was "sick and tired of having a wrinkly vagina," an apparent reference to the child's mother, and "want[ed] one that's young." The child subsequently recanted, apparently under pressure from her family and due to what she perceived as in-

tolerable conditions in her then foster home, and both the abuse and neglect proceeding and then-pending criminal action against respondent were discontinued.

Approximately two years later, in September 2003, petitioner commenced the first of the instant proceedings against respondent alleging that he neglected the child by striking her in the back at least 12 times.* The child was removed from her parents' home and placed in petitioner's custody where, upon consent, the child would remain beyond her 18th birthday. Thereafter, in January 2004, petitioner filed an abuse and second neglect petition against respondent alleging, based upon the 2001 allegations and another incident occurring in March 2003, that respondent committed a sex offense against the child. Ultimately, the various petitions were consolidated for trial and a hearing ensued, at the conclusion of which Family Court dismissed the petition against the child's mother and, as to respondent, adjudicated the child to be an abused and neglected child. This appeal by respondent ensued.

We affirm. The crux of respondent's argument on appeal is that the child's testimony is so inconsistent, contradictory and contradicted by other witnesses at the hearing as to render it incredible and, hence, insufficient to support the findings of abuse and neglect. In this regard, the record indeed establishes that the child recanted the 2001 allegations of abuse and initially lied to officials regarding the source of and the circumstances under which the bruises to her back were sustained in September 2003. The child, however, explained her conduct, testifying that she recanted the initial allegations of sexual abuse because she was under "a lot of pressure" from her family, who insisted that respondent had "changed a lot" and encouraged her to "change [her] story." The child further testified that she was very unhappy with her then foster care placement and that, at the time, she missed her family a great deal. As to the September 2003 incident, the child testified that she initially tried not to implicate her father "[be]cause [she] didn't want to get [him] in trouble," she was embarrassed to disclose why the incident occurred (her father allegedly hit her for being late and for dating an African American) and she wished to avoid causing additional stress for her mother, who apparently suffered from heart problems. Finally, with regard to the March 2003 allegations of sexual abuse, the child testified that she initially did not tell anyone that respondent digitally penetrated her vagina because respondent said "he was really sorry for

---

* A separate neglect petition was filed against the child's mother based upon her alleged failure to protect the child from such behavior.

what he did and that if [she] did tell anybody he would hurt everybody in [her] family and . . . would kill" her ex-boyfriend.

The child's sworn testimony, if credited, is sufficient to sustain each of the underlying allegations of abuse and neglect (*see* Family Ct Act § 1046 [b] [i]). While respondent argues that the child's testimony is unworthy of belief, Family Court, well aware of the inconsistencies in the child's testimony and her corresponding explanations therefor, and having had the opportunity to observe the child's demeanor first hand as she testified under oath, found the child to be credible. With regard to respondent's witnesses, some of whom contradicted the child's testimony, Family Court noted that many of these individuals were related to respondent by blood or by marriage and, in any event, that respondent completely dominated and controlled his family—an entity that Family Court characterized as "almost bizarre in its dysfunction." Simply put, Family Court was confronted with a myriad of witnesses, many of whom had a definite interest in the outcome of these proceedings, and, after sorting through all of the conflicting testimony, made a credibility determination that, quite frankly, we are not prepared to second-guess (*see Matter of Addie F.*, 22 AD3d 986, 987 [2005]). Accordingly, Family Court's findings as to abuse and neglect are sustained.

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.