■ In the Matter of KAYLA N. and Another, Children Alleged to be Abused and Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RONALD O., Appellant. [837 NYS2d 424]—

Mugglin, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered September 27, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be abused and/or neglected.

Kayla N. (born in 1989) and her younger brother lived with her mother and respondent, who is her stepfather. On the evening of January 19, 2006, respondent called the State Police to report an incident of domestic violence with his wife and requested her arrest. Subsequently interviewed at a hospital in the City of Oneonta, Otsego County, the mother related the details of the domestic violence incident, her suicidal ideations— which led the police to take her to the hospital—and an allegation that respondent had sexually abused her daughter on July 31, 2004. Shortly after midnight on January 20, 2006, the State Police obtained a sworn statement from the daughter concerning the instance of sexual abuse.

As a result of these allegations, petitioner commenced this proceeding alleging child abuse with respect to the stepdaughter and derivative neglect of the other child in the household. At the fact-finding hearing, neither mother nor daughter testified as a witness for petitioner. Testimony by State Police and caseworkers for petitioner established that the mother and daughter had previously recanted, and a rape in the third degree charge against respondent had been withdrawn by the District Attorney. Family Court found that the daughter's recantation resulted from pressure from her mother and brother, who both blamed her for the break up of the family. When respondent called the mother as a witness, Family Court interceded to warn her that if she testified, under oath, at variance with her previous sworn statement, she would be subject to civil and criminal penalties. After consulting counsel, the mother repeatedly invoked her Fifth Amendment privilege in refusing to answer questions about the statement that she gave to the police. Family Court concluded that respondent had sexually abused his stepdaughter and, based on this abuse, had derivatively ne-

glected his stepson. Following a dispositional hearing, an order was entered which, among other things, placed respondent under the supervision of petitioner until September 2007. This appeal ensued.

We begin our analysis by observing that to establish abuse, petitioner bore the burden of proving, by a preponderance of the evidence, that the stepdaughter was less than 18 years old and that respondent "committed an offense against such child defined in [Penal Law article 130]" (Family Ct Act § 1012 [e] [iii]; *see Matter of Seamus K.*, 33 AD3d 1030, 1031 [2006]; *Matter of Richard SS.*, 29 AD3d 1118, 1121 [2005]), because respondent was alleged to have committed rape in the third degree, which is defined as having sexual intercourse with another person less than 17 years old (*see* Penal Law § 130.25 [1]). We next note that the stepdaughter's out-of-court statement is admissible as evidence but that such statement alone is not sufficient to establish abuse unless supported by corroborating evidence (*see* Family Ct Act § 1046 [a] [vi]). Such a statement " 'may be corroborated by any evidence tending to support its reliability, and a relatively low degree of corroborative evidence is sufficient in abuse proceedings' " (*Matter of Sasha R.*, 24 AD3d 902, 903 [2005], quoting *Matter of Joshua QQ.*, 290 AD2d 842, 843 [2002]; *see Matter of Richard SS., supra* at 1121; *Matter of Addie F.*, 22 AD3d 986, 987 [2005]). Furthermore, it is well settled that credibility issues arising from inconsistent testimony and the "reliability of the corroboration is a determination entrusted . . . to Family Court's broad discretion," and this will not be disturbed "unless clearly unsupported by the evidence" (*Matter of Addie F., supra* at 987; *Matter of Martha Z.*, 288 AD2d 706, 707 [2001]).

While the mother's statements to the police would normally provide sufficient corroboration,* the precise issue is do they do so in light of the recantations of the mother and her daughter. In this regard, recantation of a party's initial statement simply creates a credibility issue which the trial court must resolve (*see Matter of Corey C.*, 20 AD3d 736, 737 [2005]). A child's recantation of allegations of abuse does not necessarily require Family Court to accept the later statements as true because it is accepted that such a reaction is common among abused children (*see id.* at 737; *Matter of Martha Z., supra* at 707; *see e.g. Matter of Ida EE.*, 31 AD3d 923, 923-925 [2006]). Moreover, the very first thing that the stepdaughter told the police was that she

---

* These statements not only reported that the stepdaughter had admitted that she had sexual intercourse with respondent, but also that respondent had admitted—in graphic detail—to the same occurrence.

did not want respondent to be arrested. As to the mother's recantation, we need only note that she previously pleaded guilty to a neglect petition which alleged that she failed to protect her daughter from respondent. That plea is consistent with the veracity of her statements and inconsistent with the recantation. According due deference to Family Court's credibility determinations, we find no error in its rationale rejecting the recantations as unreliable, resulting in the child's out-of-court statement being sufficiently corroborated by the mother's statements, thereby establishing abuse and derivative neglect.

As a final matter, we have reviewed respondent's claim that he was prejudiced by the mother's assertion of her Fifth Amendment rights and find that claim to be without merit.

Crew, III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.