■ In the Matter of CAITLYN U. and Others, Children Alleged to be Abused and/or Neglected. ALBANY COUNTY DEPARTMENT FOR CHILDREN, YOUTH AND FAMILIES, Respondent; BRIAN V., Appellant. (Proceeding No. 1.) In the Matter of CAITLYN U. and Others, Children Alleged to be Abused and/or Neglected. ALBANY COUNTY DEPARTMENT FOR CHILDREN, YOUTH AND FAMILIES, Respondent; DIANE V., Appellant. (Proceeding No. 2.) [847 NYS2d 753]—

Rose, J. Appeal from an order of the Family Court of Albany County (Walsh, J.), entered December 18, 2006, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused and/or neglected.

Caitlyn U. (hereinafter the child) was born in 1992 and lived with respondents, her mother and stepfather, and her two younger sisters. On October 26, 2005, she first told school officials that her stepfather had been sexually abusing her since she was eight or nine years old. The next day, the child met with the school principal, her counselor, a police investigator and one of petitioner's caseworkers. With some prompting, she described the sexual acts that she and her stepfather had engaged in over the past five years. Shortly thereafter, however, the child recanted, explaining that she had falsely accused her stepfather in order to avoid losing a girlfriend.

Petitioner then commenced these proceedings against both respondents alleging abuse and neglect with respect to the child and derivative abuse and neglect of her sisters. At the fact-finding hearing, neither respondent testified. Testimony by the principal, the counselor and the caseworker related the child's statements to them that her stepfather had given her prolonged kisses with an open mouth, fondled all of the intimate parts of her body, and required her to masturbate him and perform fellatio upon him. In her own testimony, the child claimed that she could not recall any of the details of her accusations, but nonetheless asserted that they had been false and made in order to get out of her home and run away with a friend. Family Court deemed the child's out-of-court accusations of sexual contact to be credible and sufficiently corroborated, rejected her recantation and explanation of her accusations as not credible, and attributed her recantation to pressure applied at home. Accordingly, the court found that the stepfather had sexually abused the child on several occasions. Based on this finding and evidence that the mother had been aware of at least some inappropriate contact between the stepfather and the child, the court concluded that respondents had abused and neglected the child, and derivatively abused and neglected her sisters.

On appeal, respondents contend that the child's out-of-court statements were insufficiently corroborated to prove sexual abuse by a preponderance of the evidence. We cannot agree. " 'Family Court Judges presented with the issue have considerable discretion to decide whether the child's out-of-court state-

ments describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse' " (*Matter of Christina F.*, 74 NY2d 532, 536 [1989] [citation omitted]; *see* Family Ct Act § 1046 [a] [vi]). An out-of-court statement "may be corroborated by any evidence tending to support its reliability, and a relatively low degree of corroborative evidence is sufficient in abuse proceedings" (*Matter of Joshua QQ.*, 290 AD2d 842, 843 [2002] [citation omitted]; *accord Matter of Addie F.*, 22 AD3d 986, 987 [2005]).

Viewed in the light most favorable to petitioner (*see Matter of Richard SS.*, 29 AD3d 1118, 1121 [2006]), the record yields independent evidence corroborating the child's accusations of sexual contact. There was testimony that the stepfather had hugged the child in a way which the mother had considered to be inappropriate and for which she had chastised him. In her own testimony, the child admitted that she had a plan to run away with a friend. This plan also was testified to, and apparently aborted by, her school principal. We cannot say that Family Court abused its discretion in finding the child's earlier, out-of-court statement that she wanted to run away because her stepfather was sexually abusing her to be more credible than her later, in-court explanation that she wanted to run away so she could use the telephone and do other things forbidden at home. The child also testified that, following her accusations, her mother stopped working and told her that she would never leave her alone with the stepfather. The testimony of the caseworker relating the mother's statement that she had observed a red mark or "hickey" on the child's neck served to corroborate the child's out-of-court accusation that her stepfather had caused the mark by kissing her (*see Matter of James C.*, 44 AD3d 1148, 1149 [2007]). Based upon these and other factors noted by Family Court, we cannot say that the court abused its discretion in finding the child's out-of-court accusations to be corroborated.

The credibility issues raised by the child's recantation also were for Family Court to resolve in the exercise of its broad discretion (*see Matter of Kayla N.*, 41 AD3d 920, 922 [2007]; *Matter of Frank Y.*, 11 AD3d 740, 742 [2004]), and its determination will not be disturbed unless clearly unsupported by the evidence (*see Matter of Kayla N.*, 41 AD3d at 922; *Matter of Martha Z.*, 288 AD2d 706, 707 [2001]). The court considered the circumstances of the recantation and found the explanations offered by the child to be dubious. The evidence showed that the child had been concerned that if the stepfather were perma-

nently removed from her home, her family would have to move and her mother would have to get a second job. The child also reported that she was punished for "telling" (see Matter of Karen BB., 216 AD2d 754, 756 [1995]), but after recanting she was permitted to have privileges she had not previously enjoyed. Family Court's decision to reject the recantation was further supported by the testimony of a sexual abuse therapist. Citing, among other things, the child's account of her "strange" life at home after the accusations and her fear of residential placement, the therapist opined that the child's recantation was false. In addition, because respondents did not testify, Family Court was permitted to draw the strongest inference against them that the opposing evidence would allow (see Matter of Nathaniel II., 18 AD3d 1038, 1039 [2005], lv denied 5 NY3d 707 [2005]). Thus, the recantation notwithstanding, we find Family Court's findings of abuse and neglect to be sufficiently supported by the evidence.

We have considered respondents' remaining contentions and find them to be without merit.

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.