■ In the Matter of AIDEN L., a Child Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KRISTEN M., Appellant, et al., Respondent. [850 NYS2d 671]—

Kavanagh, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered August 7, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondents' child to be neglected.

On November 24, 2005, Donald Sheldon, petitioner's caseworker, was summoned to the home that respondent Kristen M. (hereinafter the mother) shared with the child (born in 2004) after police responded to a domestic violence complaint involving the mother and respondent Donald L. (hereinafter the father).[1] Sheldon, who found the home to be in a state of extreme disarray, was informed that the mother and the father had become involved in an angry confrontation because the father believed that the mother stole money from him. The father, while searching for the money, emptied furniture drawers throughout the apartment and threw objects, including compact discs, one of which reportedly hit the child.[2] The mother claimed that the condition of the home when seen by Sheldon was caused by the father's conduct during his outburst.

Because he had concerns about the condition of the home as well as the presence of the father, Sheldon, with the mother's consent, temporarily removed the one-year-old child from the mother's care. The next day, in a petition dated November 25, 2005, petitioner commenced this Family Court Act article 10 proceeding charging that respondents neglected the child by allowing him to be exposed to an incident involving domestic violence and by compelling the child to live in a residence that was in such a deplorable condition. The same day, the mother filed an application for the child to be returned to her custody. After hearing from both parties, Family Court issued a temporary order of protection dated November 28, 2005 granting the mother's petition but conditioned it upon the mother agreeing to keep the residence in a clean and habitable condition, allowing petitioner to perform safety checks and ensuring that the child have no contact with the father. After further proceedings,

---

**1.** Respondents are not married and, while they do not reside together, the father would stay with the mother and child at their home several days each week.

**2.** The mother refused to file criminal charges against the father.

including court-ordered mental health evaluations of both parties, the court issued a fact-finding and dispositional order which concluded that respondents had neglected the child based upon the condition of the home as found by the authorities on November 24, 2005. The order released the child to the mother's custody, but placed the mother under an order of supervision which would not expire until May 17, 2007. The mother now appeals from this order.

A finding of neglect will be sustained if there is a showing by a preponderance of evidence (*see* Family Ct Act § 1046 [b] [i]) that the parents of a child have by their actions or omissions created a condition which constitutes an imminent threat to the child's physical, mental or emotional well-being (*see* Family Ct Act § 1012 [f] [i]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Krista L.*, 20 AD3d 783, 784 [2005]). A finding of neglect may be based on such a circumstance even where it has not actually resulted in any impairment to the child; an imminent threat that such an impairment might indeed result is sufficient to support such a finding (*see Matter of Billy Jean II.*, 226 AD2d 767, 770 [1996]). Such a threat may well be found to have resulted from a single incident or circumstance (*see Matter of Justin O.*, 28 AD3d 877, 878 [2006]; *Matter of Victoria CC.*, 256 AD2d 931, 932 [1998]).

Here, the condition of the apartment was deplorable and was not, as the mother claimed, a transitory condition. The entire apartment, according to petitioner's caseworker, was permeated with a rancid, foul odor, garbage bags were stacked by the door, half-emptied food containers were sprawled across the living room, dishes encrusted with decayed food were piled in the sink, an open bucket containing a cleaning solution was on the floor, and sharp utensils were scattered throughout the apartment all within the child's reach when he was not confined to his playpen. Other rooms of the apartment were so cluttered with clothes and trash that it was practically impossible to walk through them without encountering debris. The mother's explanation that this was a temporary circumstance is not only at odds with the state of the apartment as described by petitioner's caseworker, but also strongly suggests that she does not appreciate or recognize the imminent threat these conditions posed to her one-year-old son. Measuring the mother's conduct against what a reasonable and prudent parent would do in similar circumstances, we find that this behavior did not satisfy the standard requiring a minimum degree of care (*see* Family Ct Act § 1012 [f] [i]; *Nicholson v Scoppetta*, 3 NY3d at 370; *Matter of Alaina E.*, 33 AD3d 1084, 1086 [2006]) and, ac-

cordingly, we find that Family Court properly found the child to be neglected.

Moreover, as the mother concedes, it was within Family Court's discretion to reject the request for an adjournment in contemplation of dismissal (*see* Family Ct Act § 1039 [a]). Given the court's assessment of the credibility of the witnesses and its evaluation of the evidence presented at the hearing, we cannot, giving due deference to these findings (*see Matter of Joshua BB.*, 27 AD3d 867, 869 [2006]), conclude that the court abused its discretion (*see Matter of Zachary CC.*, 301 AD2d 714, 715 [2003]).

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.