■ In the Matter of SHALYSE WW. and Others, Children Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. LISA XX. et al., Appellants. [879 NYS2d 644]—

Peters, J.P. Appeals from two orders of the Family Court of Broome County (Pines, J.), entered February 23, 2007 and September 18, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondents' children to be neglected.

Respondents are the parents of three children, Shalyse WW. (born in 1998), Shareka WW. (born in 2001) and Luke WW. (born in 2005). On May 21, 2006, police responded to respondents' residence after receiving a 911 call that a man with a gun was chasing a woman and her children. According to statements made by respondent Lisa XX. (hereinafter the mother) to police immediately after the incident and petitioner's caseworker the following day, respondent Carl WW. (hereinafter the father) had been smoking crack cocaine for the previous three days while locked inside the parties' bedroom when he suddenly emerged brandishing a loaded shotgun and accusing her of bringing "predators" into the home. Threatening to kill her if he found anyone in the home, the father then took both the mother and the three children from room to room searching for the purported intruders. When the father momentarily left the family in the dining room to continue his search, the mother fled with the children out of the rear of the residence. Upon discovering this, the father exited the residence and, proclaiming that "he was going to kill her," chased the mother and children with the shotgun as they escaped through a wooded area.

Following the incident, the father, who was described as sweating and agitated, was arrested at the parties' home. The house was found to be in extreme disarray and a search by police revealed a loaded shotgun, shotgun shells and a knife, as well as positive indications for the presence of narcotics in those locations where the mother had indicated that the father kept his cocaine. Two days later, the mother filed a family offense petition against the father and was granted a no-contact temporary order of protection in favor of herself and the children. In her petition, the mother provided a detailed account of the incident entirely consistent with her sworn statements to police and the caseworker, and also set forth allegations of previous abuse by the father, including strangling her while holding a knife to her

head, punching her in the presence of the children and threats made towards her while in possession of a weapon. The following day, petitioner's caseworker met personally with the mother, who again emotionally described the events that had transpired days earlier. At that time, the two older children corroborated the horrific facts of the incident relayed by the mother and stated that they were scared of the father.

Approximately a month later, despite the order of protection, respondents were observed together with their children in a local hardware store. At a July 5, 2006 hearing, the mother recanted the allegations contained in her family offense petition, resulting in the dismissal of the petition by Family Court. The next day, petitioner temporarily removed respondents' children on an emergency basis (see Family Ct Act § 1024), which was approved by order of Family Court the following day. Petitioner then commenced this neglect proceeding against both respondents.

At the fact-finding hearing, the father denied the allegations in the petition and the mother testified that she had fabricated both the events of May 21, 2006 as well as the allegations of prior domestic abuse by the father contained in her family offense petition. Family Court found the mother's prior statements to be credible, rejected her recantation and explanation as not credible and adjudicated the children to have been neglected. Following a dispositional and permanency hearing, Family Court continued placement of the children with petitioner for an additional 12 months. These appeals by respondents followed.*

"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004] [citation omitted]; *see* Family Ct Act § 1012 [f] [i]; *Matter of Rebecca KK.*, 51 AD3d 1086, 1087 [2008]; *Matter of Krista LL.*, 46 AD3d 1209, 1210 [2007]). Significantly, a finding of neglect need not be based upon actual injury or impairment, but only an imminent

---

* Although respondents improperly appeal from Family Court's fact-finding decision rather than the subsequent order of fact-finding, which was entered February 23, 2007, we exercise our discretion to treat the notice of appeal as valid in the interest of justice (*see Matter of Rebecca KK.*, 31 AD3d 830, 831 n [2006]; *Matter of Michael RR.*, 266 AD2d 709, 710 n 2 [1999]).

threat that such injury or impairment may result (*see Matter of Aiden L.*, 47 AD3d 1089, 1090 [2008]; *Matter of Corey C.*, 20 AD3d 736, 737 [2005]). " 'Such a threat may well be found to have resulted from a single incident or circumstance' " (*Matter of Xavier II.*, 58 AD3d 898, 899 [2009], quoting *Matter of Aiden L.*, 47 AD3d at 1090 [citations omitted]; *see Matter of Antonio NN.*, 28 AD3d 826, 827 [2006]).

Here, Family Court's finding of neglect against the father was based upon the detailed and entirely consistent account of the May 21, 2006 incident which the mother provided to police, the caseworker and the court in her family offense petition, as well as her allegations of numerous prior instances of domestic abuse by the father. The mother's recantation of these prior statements during the fact-finding hearing created a credibility issue for Family Court to resolve (*see Matter of Kayla N.*, 41 AD3d 920, 922 [2007]; *Matter of Corey C.*, 20 AD3d at 737; *Matter of Akia KK.*, 282 AD2d 839, 841 [2001]). According considerable deference to such credibility assessments (*see Matter of Christian F.*, 42 AD3d 716, 717 [2007]; *Matter of Frank Y.*, 11 AD3d 740, 742 [2004]), we will not disturb the court's decision to credit the mother's initial statements regarding the May 21, 2006 incident and the father's history of domestic violence. Such conduct by the father amply supports a finding that he neglected the children.

We also find sufficient proof to sustain the finding of neglect as to the mother. The credible evidence reveals that, despite the horrific events which unfolded on May 21, 2006, the prior instances of domestic violence disclosed by the mother in her family offense petition—several of which took place in the children's presence and one which resulted in the oldest child receiving injuries while attempting to intervene—and the orders of protection issued at her request, the mother subsequently permitted the children to have contact with the father on at least two occasions. The mother's actions in this regard, as well as her recantation of the events that occurred on May 21, 2006, strongly suggest that she did not appreciate or recognize the imminent threat that the father posed to her children (*see Matter of Xavier II.*, 58 AD3d at 900; *Matter of Aiden L.*, 47 AD3d at 1090). Considering the totality of the circumstances, we find a sound and substantial basis in the record supporting Family Court's finding that "the children were at imminent risk of impairment as a result of the mother's failure to exercise a minimum degree of care" (*Matter of Xavier II.*, 58 AD3d at 900; *see Matter of Paul U.*, 12 AD3d 969, 971 [2004]).

Respondents also argue that Family Court erred in upholding

petitioner's emergency removal of the children without a court order. Since a final order of disposition has been entered, however, any challenge to the temporary order of removal is moot (*see Matter of Joseph DD.*, 300 AD2d 760, 764-765 [2002], *lv denied* 100 NY2d 504 [2003]; *Matter of Joyce SS.*, 245 AD2d 962, 962 [1997]). Similarly, to the extent that the mother challenges Family Court's September 2007 order continuing the children's placement with petitioner for 12 months, inasmuch as this order expired by its own terms in September 2008, her appeal from that order is also moot (*see Matter of Chelsea M.*, 61 AD3d 1030, 1032 [2009]; *Matter of Kashayla L.*, 56 AD3d 962, 962-963 [2008]).

The father's remaining contentions, nearly all of which are raised for the first time on appeal, are either unpreserved or have been reviewed and found to be without merit.

Spain, Rose, Kane and McCarthy, JJ., concur. Ordered that the order entered February 23, 2007 is affirmed, without costs. Ordered that the appeal from the order entered September 18, 2007 is dismissed, as moot, without costs.