Lahtinen, J.
Appeals from two orders of the Family Court of Chenango County (Revoir Jr., J.), entered May 29, 2014 and June 17, 2014, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected.
*1132 Petitioner commenced this proceeding in 2013 against respondent Loretta D. (hereinafter the mother) and respondent Brad D. (hereinafter the stepfather) alleging that they neglected the child (born in 1998) by, among other things, incessantly smoking marihuana in the home in the presence of the child and repeatedly selling marihuana from the home, sometimes requiring the child to assist in the transactions. Following fact-finding and dispositional hearings, Family Court found that the child was neglected and released the child to the mother’s custody subject to, among other things, six months of agency supervision and a drug treatment evaluation. The stepfather appeals, arguing that petitioner failed to prove that the child suffered harm or was in imminent danger of harm.
“Proof that a parent repeatedly abuses drugs or alcohol constitutes prima facie evidence of neglect, except ‘when such person is voluntarily and regularly participating in a recognized rehabilitative program’ ” (Matter of Amber DD., 26 AD3d 689, 690 [2006], quoting Family Ct Act § 1046 [a] [iii]). If such drug abuse is proven, the petitioner is not required to introduce evidence of specific parental conduct showing actual or imminent danger to the child (see Matter of Chassidy CC. [Andrew CC.], 84 AD3d 1448, 1449 [2011]; Matter of Paolo W., 56 AD3d 966, 967 [2008], lv dismissed 12 NY3d 747 [2009]). Here, Family Court’s determination that the stepfather neglected the child is fully supported by the record including, among other things, proof that: respondents smoked marihuana each day and repeatedly throughout the course of the day; they frequently used marihuana in the presence of the child; they used it to the point where their judgment was substantially impaired; the child sought professional help because of the drug-infused atmosphere in the home; a supplier of marihuana came to the home once or twice a month, often while the child was present; and respondents sold marihuana to numerous individuals at the home, including some who attended school with the child and sometimes they involved the child in the transactions. Respondents elected not to testify and they presented no evidence indicating that either of them attended any rehabilitative program during the relevant time. The evidence established the applicability of the presumption provided by Family Ct Act § 1046 (a) (iii), and, even if such presumption did not apply, there is ample proof in this record that the stepfather’s abuse of marihuana in the presence of the child and the extensive marihuana sales in the home posed an imminent danger to the child (see e.g. Matter of Brandon R. [James U.], 114 AD3d 1028, 1029 [2014]; Matter of Jared M. [Ernesto C.], 99 AD3d 474, 475 [2012]).
*1133 Peters, P.J., Garry and Clark, JJ., concur. Ordered that the orders are affirmed, without costs.