■ In the Matter of JOSEPH RR. and Others, Children Alleged to be Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LYNN TT., Appellant. (And Another Related Proceeding.) [927 NYS2d 428]—

Malone Jr., J.

Respondent is the mother of two daughters (born in 1998 and 2004). Joseph O. is respondent's live-in boyfriend and is the

father of two sons (born 1995 and 1998), one of whom lives with Joseph O. and respondent. In January 2008, following an investigation into a reported incident of domestic violence involving a gun, petitioner commenced two separate proceedings—one against respondent and another against Joseph O.— seeking an order adjudicating all four children to be neglected. At the conclusion of the fact-finding and dispositional hearings, Family Court, among other things, sustained the neglect petition against respondent and placed her daughters in the custody of their respective fathers. Respondent appeals from both the fact-finding and dispositional orders, contending that there is insufficient evidence to support the finding of neglect.

To establish neglect, petitioner must demonstrate, "by a preponderance of the evidence, that the child[ren's] physical, mental or emotional condition was harmed or is in imminent danger of such harm as the result of the parent's failure to exercise a minimum degree of care" (*Matter of Paige AA. [Anthony AA.]*, 85 AD3d 1213, 1215 [2011] [internal quotation marks and citations omitted]; *see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see also* Family Ct Act § 1012 [f] [i] [B]). Notably, a finding of neglect does not require actual injury or impairment, "but only an imminent threat that such injury or impairment may result" (*Matter of Shalyse WW.*, 63 AD3d 1193, 1195-1196 [2009], *lv denied* 13 NY3d 704 [2009]). " 'Such a threat may well be found to have resulted from a single incident or circumstance' " (*Matter of Xavier II.*, 58 AD3d 898, 899 [2009], quoting *Matter of Aiden L.*, 47 AD3d 1089, 1090 [2008]).

Here, a review of the record establishes a sound and substantial basis for Family Court's finding of neglect (*see Nicholson v Scoppetta*, 3 NY3d at 368). Specifically, petitioner's caseworkers, as well as a Deputy Sheriff, testified regarding interviews that they conducted with members of respondent's household in connection with the domestic violence reports, as well as other incidents involving Joseph O. and his estranged wife. Testimony regarding the information gleaned from these interviews, in particular from respondent's nine-year-old daughter, established that respondent and Joseph O. fought frequently and that Joseph O. drank alcohol daily. The record establishes that, during an extended argument in December 2007 while three of the children were present, Joseph O. threatened respondent with a handgun that he kept on top of the refrigerator and discharged the weapon numerous times.

Furthermore, testimony established that, with regard to respondent's three-year-old daughter, Joseph O. would grab the

child's wrist and, displaying his pocket knife, threaten to cut her finger off for picking her nose. In addition, on a number of occasions between November 2007 and February 2008, Joseph O. locked respondent's three-year-old daughter outside at night in her pajamas as punishment for crying. Notwithstanding these domestic disturbances, respondent declined petitioner's offer to participate in preventative services. Furthermore, according to petitioner's witnesses, when respondent was questioned as to whether she would choose a relationship with her children or Joseph O., respondent hesitated and responded, "[M]y children, I guess."

In view of the foregoing, and according deference to Family Court's credibility determinations, there is sufficient evidence to establish that respondent, who was a witness to Joseph O.'s extreme and volatile behavior toward her children, departed "from the minimum degree of care which should be exercised by a reasonable and prudent parent in order to prevent a risk of impairment to the child[ren] or imminent danger of impairment" (*Matter of Armani KK. [Deborah KK.]*, 81 AD3d 1001, 1002 [2011], *lv denied* 16 NY3d 711 [2011] [internal quotation marks and citations omitted]). Accordingly, Family Court's finding of neglect as to the children who reside with respondent and Joseph O. will not be disturbed. Because the record reflects that "respondent's actions evince 'such an impaired level of parental judgment as to create a substantial risk of harm for any child in [her] care'" (*Matter of Dylan TT. [Kenneth UU.]*, 75 AD3d 783, 784 [2010], quoting *Matter of Daniella HH.*, 236 AD2d 715, 716 [1997]), the court's finding of derivative neglect as to Joseph O.'s other son will also not be disturbed.

Rose, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.