■ In the Matter of ALEXANDER G., a Child Alleged to be Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES,

Appellant; TATIANA G., Respondent. (Proceeding No. 1.) In the Matter of ALEXANDER G., a Child Alleged to be Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; FREDERICK G., Respondent. (Proceeding No. 2.) [940 NYS2d 189]—

Egan Jr., J. Appeal from an order of the Family Court of Delaware County (Connerton, J.), entered December 22, 2010, which dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate respondents' child to be neglected.

Respondents are the parents of the subject child (born in 2001). In November 2009, petitioner separately commenced these two proceedings alleging that respondent Frederick B. yells at the child and that respondent Tatiana G. punches him as a form of punishment. The petitions further alleged that respondents failed to meaningfully respond to or otherwise cooperate with local school officials regarding the child's aggressive classroom behavior. Following a three-day fact-finding hearing,* Family Court—in a thorough written decision—dismissed the petitions, finding that petitioner failed to establish that the child was a neglected child within the meaning of Family Ct Act § 1012 (f) and (h). This appeal by petitioner ensued.

"A finding of neglect will be sustained if [the petitioning agency] demonstrated, by a preponderance of evidence, that the child's physical, mental or emotional condition was harmed or is in imminent danger of such harm as the result of the parent's failure to exercise a minimum degree of care" (*Matter of Xavier II.*, 58 AD3d 898, 899 [2009] [citations omitted]; *see Matter of Samuel DD. [Margaret DD.]*, 81 AD3d 1120, 1121-1122 [2011]). "In determining whether a parent is exercising a minimum degree of care, the parent's behavior must be evaluated objectively, in light of whether a reasonable and prudent parent [would] have so acted, or failed to act, under the circumstances then and there existing" (*Matter of Samuel DD. [Margaret DD.]*, 81 AD3d at 1122 [internal quotation marks and citations omitted]). To that end, we will defer "to Family Court's ability to observe the witnesses and assess their credibility, and will not disturb a determination so long as it is supported by a sound and substantial basis in the record" (*Matter of Danielle TT. v*

* Respondents did not appear on the final day of the hearing and, as they did not request an adjournment, Family Court completed the hearing in their absence.

*Michael UU.*, 90 AD3d 1103, 1103 [2011] [internal quotation marks and citations omitted]).

Turning first to the allegations of excessive corporal punishment, it indeed is true that "even a single incident of excessive corporal punishment can support a finding of neglect" (*Matter of Bianca QQ. [Kiyonna SS.]*, 75 AD3d 679, 681 [2010]; *accord Matter of Steven M. [Stephvon O.]*, 88 AD3d 1099, 1101 [2011]). Here, however, the only evidence in support of the underlying allegations was the child's statement, which he later recanted, and a red mark on the child's chest, the precise appearance and origin of which were not established (*compare Matter of Kimberly Z. [Jason Z.]*, 88 AD3d 1181, 1183 [2011] [ample evidence of abuse despite child's subsequent recantation of her statement]). Under these circumstances, we cannot say that Family Court erred in finding insufficient evidence of excessive corporal punishment.

As to respondents' asserted indifference to their child's emotional well-being, the record makes painfully clear that the child has serious behavioral problems, as evidenced by an extensive school disciplinary record dating back to his kindergarten days. In this regard, numerous school officials testified regarding the child's escalating and increasingly disturbing behavior, which over the years has progressed from temper tantrums and verbal outbursts to physical altercations and threats to harm his fellow students, and as to their efforts to discuss and resolve these issues with respondents. The record makes equally clear that respondents have been extremely defensive and consistently have rebuffed any effort on the part of school officials to obtain counseling for the child or otherwise address his behavioral issues—preferring instead to suggest that the problem lies not with their child but, rather, with his individual teachers and the school's administration. For these reasons, we have no quarrel with the proposition that respondents have demonstrated a lack of good parental judgment. We cannot say, however, on this record, that petitioner met its burden of demonstrating that this lack of judgment rises to the level of neglect (*cf. Matter of Joseph G.*, 24 AD3d 900, 901 n 2 [2005]; *see generally Matter of Jaden C. [Phillip J.]*, 90 AD3d 485, 488 [2011]; *compare Matter of Samuel DD. [Margaret DD.]*, 81 AD3d at 1123-1124).

In reaching this conclusion, we acknowledge that petitioner offered the testimony of a clinical psychologist, who, based upon his review of the child's school record, opined that the child was experiencing emotional stress, that his demonstrated "pattern of aggression and significant emotional disturbance" would

continue unabated absent evaluation and treatment by a mental health professional and that respondents appeared to be "hiding" information and "obstructing" any efforts to assist their child. Such testimony, however, must be taken with a grain of salt, as the psychologist admittedly did not have the opportunity to meet with either the child or respondents, and his overall opinion as to the child's current and/or future emotional state was somewhat vague and conclusory. For these reasons, Family Court quite properly declined to accord this testimony substantial weight and, based upon our review of the record, we cannot say that petitioner's proof as a whole was sufficient to support a finding of neglect. Our conclusion in this regard would be no different even if we were to resolve the evidentiary errors asserted on appeal in petitioner's favor.

Finally, we cannot say that Family Court abused its broad discretion in denying petitioner's prehearing request that the child undergo a mental health assessment (*see* Family Ct Act § 251; *see generally Matter of Burola v Meek*, 64 AD3d 962, 964 [2009])—a request that was opposed by both respondents and, notably, the attorney for the child. Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Spain, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.