■ In the Matter of DANIEL X. and Another, Children Alleged to Be Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MONICA X., Appellant. [981 NYS2d 181]—

Peters, P.J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered January 7, 2013, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

---

Respondent is the mother of Victoria Y. (born in 1996) and Daniel X. (born in 2001). Donald X., respondent's estranged husband, is the biological father of Daniel and the stepfather of Victoria. Following certain events occurring primarily on May 4, 2011, petitioner commenced this neglect proceeding against respondent. After a fact-finding hearing, Family Court found that respondent's escalating, irrational, out-of-control behavior and repeated threats of violence placed the children in imminent danger of harm and constituted neglect. Respondent appeals.

"To establish neglect, petitioner must demonstrate, by a preponderance of the evidence, that the children's physical, mental or emotional condition was harmed or is in imminent danger of such harm as the result of the parent's failure to exercise a minimum degree of care" (*Matter of Joseph RR. [Lynn TT.]*, 86 AD3d 723, 724 [2011] [internal quotation marks and citations omitted]; *see Matter of Alexander G. [Tatiana G.]*, 93 AD3d 904, 905 [2012]). "[A] finding of neglect does not require actual injury or impairment, 'but only an imminent threat that such injury or impairment may result,'" which can be established through a single incident or circumstance (*Matter of Joseph RR. [Lynn TT.]*, 86 AD3d at 724, quoting *Matter of Shalyse WW.*, 63 AD3d 1193, 1195-1196 [2009], *lv denied* 13 NY3d 704 [2009]; *see Matter of Xavier II.*, 58 AD3d 898, 899 [2009]). Furthermore, whether a parent is exercising a minimum degree of care requires an objective evaluation of the parent's behavior, in light of whether a reasonable and prudent parent would have so acted, or failed to act, under the circumstances (*see Matter of Alexander G. [Tatiana G.]*, 93 AD3d at 905; *Matter of Samuel DD. [Margaret DD.]*, 81 AD3d 1120, 1122 [2011]; *Matter of Mitchell WW. [Andrew WW.]*, 74 AD3d 1409, 1412 [2010]).

We find adequate record support for Family Court's finding of neglect. Testimony regarding the events on May 4, 2011 revealed that a neighbor stopped by respondent's home in the afternoon, during which time respondent, among other things, made disparaging and vulgar comments about Victoria, accused Victoria of sleeping with Donald X. and described her plan to go to the store later that day to purchase a gun to shoot Victoria and Donald X. Although Victoria was not home at the time, Daniel was, and the neighbor testified that it was her impression that he overheard what respondent was saying. Shortly thereafter, when Donald X. called to make sure that Daniel was ready to be picked up, respondent became increasingly aggravated and angry, screaming obscenities into the telephone and telling Daniel that she would put a bullet in Donald X.'s

head if Daniel let him into the house. She also threatened to put Daniel's "head through the wall" if he talked back to her.

Respondent's aberrant behavior continued and culminated in an altercation with Victoria that evening when she broke down Victoria's bedroom door and door frame—which nearly landed on Victoria—then hit Victoria with a laptop computer and threatened to kill her, prompting Victoria to call another neighbor for help. According to that neighbor, when she arrived at the residence, she saw that the door had been broken down and witnessed respondent call Victoria vulgar names and spew murderous threats at her. Such behavior continued after respondent called Victoria's biological father, screaming that if he did not come get Victoria, the child would be found in a body bag. Frightened as to what had transpired, Victoria was crying hysterically and unable to speak while she lay curled in the fetal position on her bed.

Testimony further established that this incident was the culmination of escalating violent and abusive behavior by respondent toward the children following Donald X.'s departure from the marital residence approximately six months earlier. Victoria testified that, on various occasions, respondent engaged in middle-of-the night tirades, waking her up, calling her vile names and accusing her of having a sexual relationship with Donald X. Furthermore, respondent, who had a history of mental illness and prescription drug abuse, would take prescribed medication that would negatively effect her mood, causing her to "stomp" around the house, clench her teeth and yell. Respondent repeatedly threatened abuse toward the children and Donald X., which frightened and concerned the children. Taken as a whole, the foregoing evidence provides a sound and substantial basis to support Family Court's finding of neglect (*see Matter of Joseph RR. [Lynn TT.]*, 86 AD3d at 724-725; *Matter of Paige AA. [Anthony AA.]*, 85 AD3d 1213, 1216 [2011], *lv denied* 17 NY3d 708 [2011]; *Matter of Justin O.*, 28 AD3d 877, 878-879 [2006]; *Matter of Michael WW.*, 20 AD3d 609, 611-612 [2005]; *Matter of Richard T.*, 12 AD3d 986, 987-988 [2004]).

Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.