*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014                516359
_____

In the Matter of HEAVEN H.
    and Others, Alleged to be
    Neglected Children.

ULSTER COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                        MEMORANDUM AND ORDER
                    Respondent;

LINDA H.,
                    Appellant.
_____

Calendar Date:  September 4, 2014

Before:  Peters, P.J., Stein, Garry, Lynch and Devine, JJ.

_____

        Daniel Gartenstein, Kingston, for appellant.

        Heather D. Harp, Ulster County Department of Social
Services, Kingston, for respondent.

        Ted J. Stein, Woodstock, attorney for the children.

_____

Stein, J.

        Appeal from an order of the Family Court of Ulster County
(McGinty, J.), entered February 6, 2013, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 10, to adjudicate respondent's children to be
neglected.

        Respondent is the mother of three children (born in 1998,
2002 and 2003).  In August 2012, petitioner commenced this
proceeding against respondent alleging, among other things, that

as a result of an ongoing dispute with a neighbor, respondent instigated a physical altercation during which the oldest child was kicked and required medical care and the other two children witnessed the incident.  At the ensuing fact-finding hearing, petitioner called as its only witness the child protective caseworker who investigated the allegations of neglect against respondent and the children's father.  Family Court denied respondent's motion to dismiss the petition at the close of petitioner's case and ultimately determined that petitioner established that respondent neglected the children and, among other things, placed respondent under petitioner's supervision. Respondent now appeals, challenging only the finding of neglect.

We affirm.  "'To establish neglect, petitioner must demonstrate, by a preponderance of the evidence, that the children's physical, mental or emotional condition was harmed or is in imminent danger of such harm as the result of the parent's failure to exercise a minimum degree of care'" (Matter of Daniel X. [Monica X.], 114 AD3d 1059, 1060 [2014], quoting Matter of Joseph RR. [Lynn TT.], 86 AD3d 723, 724 [2011]; see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; Matter of Afton C. [James C.], 17 NY3d 1, 8-9 [2011]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]).  Notably, "[a] finding of neglect does not require actual injury or impairment, but only an imminent threat that such injury or impairment may result, which can be established through a single incident or circumstance" (Matter of Daniel X. [Monica X.], 114 AD3d at 1060 [internal quotation marks and citations omitted]; see Matter of Joseph RR. [Lynn TT.], 86 AD3d at 724; Matter of Paige AA. [Anthony AA.], 85 AD3d 1213, 1215 [2011], lv denied 17 NY3d 708 [2011]).  "In determining whether a parent has failed to exercise the requisite degree of care, we evaluate whether 'a reasonable and prudent parent [would] have so acted, or failed to act, under the circumstances then and there existing'" (Matter of Heyden Y. [Miranda W.], 119 AD3d 1012, 1013 [2014], quoting Nicholson v Scoppetta, 3 NY3d at 370; see Matter of Afton C. [James C.], 17 NY3d at 9).

Based upon the record before us, we agree with Family Court that petitioner met its burden of establishing respondent's neglect, as alleged in the petition.  The caseworker testified that she had commenced an investigation into the children's

safety and well-being in July 2012, after receiving a report alleging multiple incidents of verbal altercations between respondent and the children's father and that they were under the influence of alcohol and/or drugs while driving a motor vehicle in which their children were passengers. During the course of the caseworker's investigation, the children reported, and respondent confirmed, that respondent had engaged in violent conduct toward a neighbor with whom she had a long-standing dispute.[1] Specifically, on the day in question, respondent and the children had been at a nearby friend's house; respondent was drinking alcoholic beverages and the police were called twice to the house in response to neighborhood disturbances. In an apparent attempt to avoid further conflict between respondent and the neighbor, the police suggested that respondent return to her home and remain either inside or in the backyard for the rest of the evening. Respondent ignored this recommendation and, while respondent and the children were in front of their house, the neighbor apparently made a vulgar hand gesture toward respondent. In response, respondent inexplicably crossed the street and punched the neighbor in the face. The fight escalated and several other people got involved, including respondent's oldest child, who apparently sought to protect her mother. As a result, the child sustained a blow to her mid-section, which caused her to have difficulty breathing, and the child was taken by ambulance to the hospital. For her part in the melee, respondent was arrested and charged criminally.

---

[1] To the extent that respondent claims that Family Court should not have allowed the caseworker to testify regarding the children's hearsay statements, we note that a child's statements relating to allegations of neglect are admissible in evidence, and the children's statements were sufficiently corroborated here (see Family Ct Act § 1046 [a] [vi]). We reject respondent's additional claim that Family Court impermissibly relied upon police reports containing hearsay to establish the older child's injuries, as the caseworker's testimony and the child's medical records provide proof that such child suffered both physical and emotional injuries as a result of the altercation.

There is no question that a reasonably prudent parent faced with these circumstances would not have acted as respondent did, by initiating a physical altercation in the presence of her three children, which resulted in physical injury to one of her children and in respondent's arrest. We are unpersuaded by respondent's assertion that there was insufficient evidence to establish that the children were at imminent risk of harm as a result of her actions, which placed them in the immediate proximity of a violent tumult. Moreover, the oldest child sustained an actual physical injury as a result of being struck during the incident, and all of the children were frightened by what they observed. This evidence, together with the strong negative inference that Family Court drew from respondent's failure to testify (see Matter of Heyden Y. [Miranda W.], 119 AD3d at 1014; Matter of Samuel DD. [Margaret DD.], 81 AD3d 1120, 1124 [2011]), provided a sound and substantial basis for the determination that respondent neglected the children. Respondent's remaining contentions have been examined and found to be meritless.

Peters, P.J., Garry, Lynch and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court